**People of the State of Illinois, Defendant in Error, v. William Clinton Mullenhoff, Plaintiff in Error.**

**Gen. No. 49,640.**

First District, First Division.
October 19, 1964.

Gerald W. Getty, Public Defender of Cook County, of Chicago (William J. Moran and James J. Doherty, Assistant Public Defenders, of counsel), for plaintiff in error.

Daniel P. Ward, State's Attorney, of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, William Clinton Mullenhoff, was found guilty on the charge of attempt to commit rape and was sentenced, after a bench trial, to a term of not less than five nor more than fourteen years to be served in the Illinois State Penitentiary.

The defendant had previously been charged with the offense of attempt to commit a deviate sexual assault arising out of the same conduct against the same complainant. At the close of the State's case, the trial judge stated that the defendant had been charged with the wrong offense and sustained a motion for a finding of not guilty. The instant indictment for attempted rape was returned promptly on the same day of the acquittal. At the trial in this case, evidence which had been heard by the same judge at the former trial was stipulated and its sufficiency was not then and is not now challenged.

The defendant seeks to reverse the judgment of the Criminal Court on the theory that a person cannot be tried twice for the same act. He relies on clause two of section 3–4(b)(1) of chapter 38 of the Illinois Revised Statutes, 1961, which provides:

> (b) A prosecution is barred if the defendant was formerly prosecuted for a different offense . . . if such former prosecution:
>
> (1) . . . was for an offense with which the defendant should have been charged on the former prosecution, as provided in section 3–3 of this Code (unless the

370

court ordered a separate trial of such charge) . . .

Section 3–3, a mandatory joinder section, provides:

(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act.

(c) When 2 or more offenses are charged as required by Subsection (b), the court in the interest of justice may order that one or more of such charges shall be tried separately.

Since the defendant relies on these sections alone it is immaterial and we do not decide whether the second trial may have been justified by virtue of clauses one and three of section 3–4(b)(1).

■ The defendant's appeal requires us to consider the meaning of the statute relied upon. In construing and interpreting the statute it is permissible to determine the intent of the legislature from the statute as a whole, from the necessity and reason for the act, from the evils sought to be remedied by it and from the objects and purposes of the act. Lincoln Nat. Life Ins. Co. v. McCarthy, 10 Ill2d 489, 140 NE2d 687 (1957).

■ From the language of the sections under consideration it is clear that the legislature did not intend to prohibit all multiple prosecutions arising out of

the same act because the section clearly allows a separate trial of certain causes where the trial court deems that justice requires it.

Considered against the background of cases like People v. Allen, 368 Ill 368, 14 NE2d 397 (1938), it is clear that the sections relied on here were intended to prevent the bringing of successive prosecutions based on the same conduct in order to hedge against the risk of an unsympathetic jury at the first trial, or to place a hold upon a person after he has been sentenced to imprisonment, or simply to harass the defendant by multiple, burdensome prosecutions. In the Allen case, the defendant was separately indicted for voluntary manslaughter for the killing of two pedestrians in the same auto accident. The defendant's petition for discharge of the second indictment on grounds of double jeopardy was denied and on appeal the Supreme Court, over strong dissents, affirmed holding that discharge from an indictment for the death of one person does not bar prosecution under another indictment for the death of another which resulted in the same accident, because the deaths of two persons constitute separate offenses.

The dissent pointed out the kind of difficulties of the decision which section 3–3 was intended to remedy. The dissenters said:

It must be borne in mind that under the rule announced in this case a citizen may be tried an indefinite number of times for the same criminal act until a jury is finally found which will render a verdict suitable to the prosecution. Under this rule, if a grossly negligent act should result in a large number of deaths, the defendant might be tried as many different times as there were deaths involved. Even though jury after jury might find that he had not been grossly negligent he could be compelled to return again

and again to stand trial on this one point, which is the gist of the case. (People v. Allen, 368 Ill 368, at page 389).

There is nothing in the present case which indicates that this prosecution was undertaken for any of the purposes indicated above. Since there has been no challenge of the sufficiency of the evidence to convict on the charge of attempted rape, the prosecution could not have brought this case simply in order to hedge against an unsympathetic trier of fact. Since the first case resulted in acquittal, this case could not have been brought to delay the commencement of a sentence of imprisonment. Finally, it does not appear that harassment is involved. The second indictment was made necessary only because of a mistake in selecting the proper offense. Stipulation of the evidence at the second trial saved the defendant the burden of submitting to a second full trial. The second indictment was returned promptly after the error in the first indictment was discovered and hence the course of the prosecution was not extended over an unnecessarily long period of time.

For these reasons we affirm the conviction.

Affirmed.

MURPHY, P. J. and KLUCZYNSKI, J., concur.