The People of the State of Illinois, Plaintiff-Appellant-Cross Appellee, v. Edward Miller, John Burris, and Clifford Withers, Defendants-Appellees-Cross-Appellants.

Gen. No. 10,573.

Fourth District.

February 8, 1965.

William G. Clark, Attorney General, of Springfield (Raymond L. Terrell, State's Attorney, Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, C. Joseph Cavanagh, Assistant State's Attorney, of counsel), for plaintiff-appellant-cross-appellee.

Gillespie, Burke & Gillespie, and Robert Weiner, all of Springfield (Stuart Dobbs, of counsel), for defendants-appellees-cross-appellants.

TRAPP, J.

This case is heard upon appeal by the State, and cross-appeal by the defendants arising under the following circumstances:

On June 25, 1963, Indictment No. 2213–63 was returned charging the defendants with the rape of a fourteen-year-old girl. On arraignment the defendants pleaded not guilty. A jury trial was commenced on December 9, 1963, and on December 15, 1963, the trial court declared a mistrial for the reason that the jury was unable to agree and the jury was discharged. On the same date the court granted a motion of the state's attorney that the cause be set for jury trial on January 6, 1964.

On the 17th day of January, 1964, upon motion of the State and without notice to any defendants or their counsel, the above cause was dismissed by the court. On the same day the Sangamon County Grand Jury returned Indictment No. 87–64 consisting of six counts and jointly charging the same defendants with rape, indecent liberties with a child, and contributing to the sexual delinquency of a child, these charges stemming from the same alleged conduct as that which formed the basis of Indictment No. 2213–63. No facts in addition to the facts known by the prosecution at the time of the return of the original indictment were known by the prosecution at the time of the return of the second indictment. The State did not ask the grand jury returning the first indictment to indict for taking indecent liberties with a child or contributing to the sexual delinquency of a child.

On the 24th day of January, 1964, in Cause No. 87–64, the three defendants filed a motion to dismiss

148

the new indictment. On April 1, 1964, Howard L. White, Associate Circuit Judge of Jersey County, Illinois, dismissed those counts of the indictment charging taking indecent liberties with a child and contributing to the sexual delinquency of a child, but denied the defendants' motion for dismissal as to the charge of rape.

The State appeals the trial court's allowance of defendants' motion to dismiss Counts III through VI charging the offenses of taking indecent liberties with a child and contributing to the sexual delinquency of a child. The defendants cross-appeal from the order of the court denying the motion to dismiss Counts I and II of said indictment.

The State contends that the dismissal of Counts III through VI of Indictment No. 87–64 upon the motion of the defendants applies a literal interpretation of Section 3–3 of the Criminal Code and that such interpretation founds and fosters technical rules in the prosecution of criminal cases. Moreover, it is urged that inasmuch as the defendants could properly again be tried upon Indictment No. 2213–63 following the mistrial, they suffered no prejudice and no hardship through piecemeal prosecution.

We are called upon to consider the intent of the Legislature in adopting the language of Article 3, Section 3, of the Criminal Code of 1961, (Ill Rev Stats 1961, c 38, § 3–3), which includes the following:

> "(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act."

The Criminal Code of 1961 was adopted by the Legislature following a long period of study by eminent lawyers and legal scholars. The published comments regarding the various Articles and Paragraphs thereof, of those who drafted the legislation and presented it to the Legislature, deserve consideration in the interpretation of the intent contained in the Code.

The committee which drafted Article 3 adopted by the Legislature, in its comment states that the Article provides:

> ". . . certain fundamental rights which have been established for the protection of a person accused of an offense. . . ."

This committee further states that Paragraph 3 of Article 3 deals with the " 'compulsory joinder' of offenses which have certain close interrelationships." This compulsory joinder is stated to be designed to provide a substantive protection of a defendant in those situations in which more than one offense is found to arise out of the same conduct or act, and the defense of double jeopardy is not available.

It is clear that the language of the Statute gives a greater protection to the defendant than that heretofore existing under the doctrine of former jeopardy and constitutes a major change in the law. (Bowman, The Illinois Criminal Code of 1961, 50 Ill Bar Journal 39.)

It is agreed that the original Indictment No. 2213–63 and the counts of the second Indictment No. 87–64 relate to the same act of the same parties at the same time and place, and that the several offenses charged resulted from an act of each defendant charged in identical language in each count. The State agrees that the offenses are within the jurisdiction of the same court and that all facts known

150

to the state's attorney at the time of the second Indictment No. 87–64 were known to him at the time of the first Indictment No. 2213–63. The State further agrees that it would have failed to prosecute all offenses within the meaning of Section 3–3, Paragraph (b), so that there would be no compliance with this section if a second indictment alleging the offenses set out in Counts III through VI had been returned without first dismissing Indictment No. 2213–63.

■ ■ We are commencing the administration of criminal law under a new code and we should administer it according to the obvious direction of its language. We believe it clear that the departure from the clear language of the Code would be the commencement of a structure of technical interpretation eroding the true purpose of the Criminal Code. We must conclude that adding the charges found in Counts III through VI of the second indictment would deprive the defendant of the protection provided in Article 3, Section 3, Paragraph (b) of the Criminal Code. (Ill Rev Stats 1961, c 38, § 3–3.)

The argument of the State that the defendants are not prejudiced by the adding of Counts III through VI in Indictment No. 87–64 since following the mistrial they would again be subject to trial upon Indictment No. 2213–63, is not relevant where the stated purpose of the Criminal Code is to provide substantive protection to a defendant where the defense of double jeopardy is unavailable.

Upon defendants' cross-appeal it is urged that the trial court erred in refusing to dismiss Counts I and II of Indictment No. 87–64, for the reason that the dismissal of Indictment No. 2213–63 without notice should be considered an acquittal, and that Indictment No. 87–64 is void and of no effect, and that

a prosecution under the latter indictment would violate the State and Federal Constitutional provisions relating to double jeopardy and due process.

The issue raised must be considered within the language of Article 3, Section 4 of the Criminal Code, (Ill Rev Stats 1961, c 38, § 3-4):

> "(a) A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:
>
> ". . .
>
> > "(3) Was terminated improperly after the jury was impaneled and sworn or, in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts, or after a plea of guilty was accepted by the court."

This section of the Code is again concerned with the fundamental rights of the persons charged and the providing of substantive protection of such rights.

The question is whether or not the dismissal of Indictment No. 2213-63, upon motion of the prosecution and without notice to the defendants, was an improper termination of the original prosecution within the language of the section.

The comments of those drafting the legislation relating to Section 3-4 state that, "the rules of double or former jeopardy are stated in this section," and it appears that extended study was made to distinguish "proper termination" which did not bar further prosecution from those "improper terminations" which were sufficient to bar further prosecution.

 Where the jury is unable to agree a mistrial results, and through necessity, another trial upon the

indictment is not barred. People v. Thomas, 15 Ill2d 344, p 348, 155 NE2d 16; People v. Touhy, 361 Ill 332, 197 NE 849. Such a termination of a trial by reason of necessity is deemed a "proper termination." Hence, upon the order of mistrial as to Indictment No. 2213–63, the defendants could have been again tried upon that indictment. In this case, however, the indictment was dismissed by the prosecution upon its own motion prior to the return of Indictment No. 87–64 without any showing of necessity, or the showing of any facts requiring such dismissal in furthering the ends of justice. People v. Thomas, 15 Ill 2d 344, p 349, 155 NE2d 16.

Nothing in the record discloses that the prosecution was seeking to amend within the provisions of the Code of Criminal Procedure, Section 111–5, (Ill Rev Stats 1963, c 38, § 111–5).

The motion to dismiss in this instance seems to be of the nature of the Common Law procedure of entering a nolle prosequi by the prosecutor. It is recognized that under the Common Law procedure adopted in the former Criminal Code, a nolle prosequi by the prosecution after the jeopardy had attached was a bar to prosecution under further indictment and was the equivalent of an acquittal. United States v. Shoemaker, 27 Fed Cases 1067; People v. Watson, 394 Ill 177, p 179, 68 NE2d 265.

The State has cited People v. Watson, supra, to support its contention that a nolle prosequi is not a bar to further prosecution, but the supporting quotation from the opinion stops short of the court's language:

> "If it is entered before jeopardy has attached, it does not operate as an acquittal, so as to prevent a subsequent prosecution for the same offense."

153

The State also cites People v. Goffman, 30 Ill2d 501, 198 NE2d 323, in support of such contention. That case has the apparently unusual situation wherein the trial court entered a nolle prosequi of its own motion during the course of the trial without a jury. In that case, the defendant strenuously urged that the name of the robbery victim stated in the indictment varied from that shown by the evidence and that such variance was fatal to the proceeding. The Supreme Court held that the right of the State to re-indict following this form of nolle prosequi turned upon whether or not the court abused its discretion in ordering the same. The court found that there was no abuse of discretion.

We find, however, an analogy to the facts of this case in those cases where the court's declaration of a mistrial is held to be an abuse of the court's discretion. In People v. Friason, 22 Ill2d 563, 177 NE 2d 230, a jury was impaneled and witnesses for the prosecution were sworn and examined. The court thereafter granted a mistrial at the request of the prosecution when it was discovered that the court had denied to the prosecution a peremptory challenge to which the State was entitled by statute. The defendant, again being placed upon trial on the same indictment, a motion for discharge upon the grounds of former jeopardy was presented and denied by the court. The Supreme Court reversed the order denying the motion to discharge the defendant, holding that the granting of a mistrial, in the prior trial, was an abuse of discretion because there had been no showing of prejudice or incompetence of the juror selected and no objection to limiting each party to ten peremptory challenges and therefore, there was no necessity for discharging the jury.

Again, in People v. Laws, 29 Ill2d 221, 193 NE2d 806, 195 NE2d 393, the defendant was permitted to

withdraw a plea of guilty so that a motion to quash might be filed. A bench trial proceeded and witnesses sworn. When the defendant brought to the attention of the court the fact that no plea was on file, the State moved for a mistrial which was granted over the objections of the defendant. Upon a second trial upon the same indictment, defendant moved for dismissal upon the grounds of former jeopardy, but such motion was denied. The Supreme Court reversed, holding that since the entering of a formal plea was not essential to a valid judgment, there had been an abuse of discretion in declaring the mistrial. A dissenting opinion recognized the principle that the defendant must be discharged where the order for mistrial was an abuse of discretion. The essence of the dissent was the conclusion that the conduct of defendant's attorney had led the court into declaring the mistrial so that the jeopardy was self-induced.

While the cases cited turn upon rulings arising before the effective date of the Criminal Code, they seem aptly illustrative of the nature of improper termination of a criminal prosecution within the meaning of Article 3, Section 4, Par (a)(3), (Ill Rev Stats 1961, c 38, § 3–4).

██ The defendants did not consent to the dismissal by the prosecution as to Indictment No. 2213–63, nor did they, by their conduct, bring it about. Neither the brief and argument of the prosecution nor the record itself makes any showing of necessity to dismiss in the furtherance of justice. In its best light, the motion is of the nature of a proceeding to nolle prosequi by the State after the defendant had been placed in jeopardy. Nothing in the Criminal Code indicates the intent to depart from the Common Law rule that a nolle prosequi after jeopardy attaches amounts to an acquittal and a bar to further prosecution. Under the circumstances present, the argu-

ment of the State that the new Indictment No. 87–64 is but a part of a single prosecution as defined by Section 2–16 of the Criminal Code cannot be sustained. We believe that the prosecution was improperly terminated within the meaning of Article 3, Section 4, Par (a)(3) of the Criminal Code (Ill Rev Stats 1961, c 38) and that the trial court should have granted the defendants' motion to dismiss Counts I and II of the Indictment No. 87–64.

Following the granting of leave to supply supplemental authorities, we have considered People v. Mullenhoff, 52 Ill App2d 369, 202 NE2d 128, cited in the First District on October 19, 1964. In that opinion the court did not have occasion to consider the language of Article 3, Section 4, Paragraph (a)(3), which we believe applies to and controls this decision.

We have also considered the full opinion of the court in People v. Stowe, decided in the Fifth District and found in abstract form in 51 Ill App2d 411, 201 NE2d 465. In that case defendant procured a new trial following his conviction and that court decided that the issue should be determined under Article 3, Section 4, Paragraph (d) and did not have occasion to consider the statutory language which we believe controls here.

For the reasons set forth, the order of the trial court dismissing Counts III, IV, V and VI of Indictment No. 87–64 is affirmed. The order denying the motion to dismiss Counts I and II of the same Indictment is reversed.

Affirmed in part; reversed in part.

SMITH, P. J. and CRAVEN, J., concur.