THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DAROLD YARBROUGH, Defendant-Appellant.

Fifth District No. 5—87—0448

Opinion filed February 17, 1989.

Donald E. Groshong, of Williamson, Webster, Groshong, Moorman &
Falb, of Alton, for appellant.

Don Sheafor, State's Attorney, of Vandalia (Kenńeth R. Boyle, Stephen

E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Darold Yarbrough, appeals from an order of the circuit court of Fayette County denying his motion to dismiss the second prosecution based upon the theory of double jeopardy. Defendant's issue on appeal is whether the second prosecution was barred by the statute of limitations or by the constitutional limitation of double jeopardy. This court affirms the circuit court's order.

On May 31, 1985, a bill of indictment, docket No. 85—CF—29, was filed charging defendant in count III with theft (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(b)(1)). The indictment charged that on or about September 5, 1983, defendant "knowingly obtained by deception control over property of American States Insurance Company, being funds in the amount of $2137.50 *** by causing a certain 1974 Ford F-250 truck to be reported stolen and falsely reported it [stolen] to Charles Pryor to defraud American States Insurance into paying $2137.50." Count III was later severed from the other counts.

On September 30, 1986, a trial by jury commenced on count III, and on October 6, 1986, the jury was deadlocked. The trial court declared a mistrial and discharged the jury.

However, on March 6, 1987, defendant was indicted on a new indictment with a new docket number of 87—CF—17 for the same offense of theft as in count III, except it added the following to the previous indictment:

> "[T]he said Darold Yarbrough intending to deprive American States Insurance permanently of the use or benefit of said funds, and the Statute of Limitations being tolled in this cause pursuant to Illinois Revised Statutes, chapter 38, section 3—7(c) by the prosecution pursuant to Count III of a Bill of Indictment returned and filed May 31, 1985 in 85—CF—29 in violation of Paragraph 16—1(b)(1), Chapter 38, Illinois Revised Statutes."

The People's affidavit stated that it was reindicting defendant "to correct a defective indictment because an essential element of the offense was omitted, namely that defendant intended to deprive the true owner permanently of the use or benefit of its property."

Soon thereafter, on March 30, 1987, the People filed a motion to nol-pros on count III of the original May 31, 1985, indictment, No. 85—CF—29. The trial court entered an order granting the People's motion.

On May 1, 1987, defendant filed a motion to dismiss with prejudice because defendant had been charged with the same offense. Defendant

also alleged: (1) that the previous offense "failed to allege that defendant intended to permanently deprive the owner of the use or benefit of the property allegedly stolen"; (2) that the State dismissed the prior offense and action on March 30, 1987; (3) that the same and prior offense was tried by a jury trial and resulted in a mistrial due to a hung jury; and (4) that the present charge, which was filed on March 6, 1987, was neither a continuation of the prior and same offense nor identical. Defendant argued that the present cause was barred by the statute of limitations, right to speedy trial and double jeopardy and as such the trial court does not have jurisdiction.

On May 15, 1987, the court denied in part defendant's motion to dismiss based on the statute of limitations and the right to a speedy trial. The remaining argument of double jeopardy was taken under advisement. On May 26, 1987, the court entered a written order confirming its prior order of partial denial of defendant's motion to dismiss and added that it denied his motion to dismiss on the remaining ground of double jeopardy. From this order, defendant appeals.

The issue initially presented is whether a previous void indictment which was nol-prossed after a deadlocked jury bars a new indictment in a new cause charging the same offense.

 Double jeopardy prevents a person from being twice put in jeopardy for the same offense. (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10.) Section 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 3—4) specifically provides the grounds in which double jeopardy acts as a bar to a subsequent prosecution. Section 3—4(a) provides, in part:

> "(a) A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:
>
> * * *
>
> (3) Was terminated *improperly* after the jury was impaneled and sworn * * *." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 3—4(a)(3).)

An improper termination is not one required by "manifest necessity," that is, because of circumstances beyond the control of the parties and court, it becomes no longer possible to conduct a trial or to reach a fair result based upon the evidence. (*People v. Turner* (1982), 105 Ill. App. 3d 393, 396, 434 N.E.2d 428, 431.) In this case, both parties agree that it was a matter of manifest necessity to terminate the proceedings because the jury was deadlocked and a retrial would not be barred. Thus, this court finds that jeopardy had not effectively attached because the trial court properly terminated the trial due to manifest necessity, and

that termination would not bar a second trial on double jeopardy grounds. *Illinois v. Somerville* (1973), 410 U.S. 458, 35 L. Ed. 2d 425, 93 S. Ct. 1066; *People v. Hudson* (1970), 46 Ill. 2d 177, 263 N.E.2d 473; *People v. Hall* (1975), 25 Ill. App. 3d 992, 324 N.E.2d 50.

██ █ We must next determine the effect, if any, of the *nolle prosequi*. When the People nol-pros after jeopardy attaches, they are barred from subsequent prosecution of the same charge. (*People v. Jackson* (1971), 132 Ill. App. 2d 1059, 271 N.E.2d 673.) Normally jeopardy attaches when, in a jury trial, the jury is selected and then sworn. (*People v. Shields* (1979), 76 Ill. 2d 543, 394 N.E.2d 1161.) In this case, however, after the swearing of the jury, jeopardy did not effectively attach due to proper termination of the trial, as noted above. No double jeopardy bar arises if the *nolle prosequi* occurs before jeopardy attaches. (*People v. Mooar* (1981), 92 Ill. App. 3d 852, 416 N.E.2d 81.) While no authority exactly on point has been cited by the parties, we conclude that due to the proper declaration of a mistrial, no jeopardy attached for purposes of barring reprosecution in a new case subsequent to *nolle prosequi* as well as reindictment and retrial in the same case without a *nolle prosequi*. See *People v. Miller* (1965), 55 Ill. App. 2d 146, 204 N.E.2d 305, *reversed in part and vacated in part* (1966), 35 Ill. 2d 62, 219 N.E.2d 475.

██ Defendant further argues that this action is barred by the statute of limitations. The People argue that the prior pending indictment tolled the statute. Despite the defect in the original indictment, the trial court had jurisdiction of the subject matter (*People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456), and no party has claimed lack of jurisdiction over the People or defendant. (See *People v. Pankey* (1983), 94 Ill. 2d 12, 445 N.E.2d 284.) Given jurisdiction, the prior indictment need not be valid but must be sufficient to inform defendant of the circumstances of the charged offense so that he can prepare his defense and must involve the same conduct as the subsequent indictment. (*People v. Gallo* (1973), 54 Ill. 2d 343, 297 N.E.2d 569.) In this case, the prior indictment met these requirements and therefore effectively tolled the statute of limitations.

The order of the circuit court of Fayette County denying defendant's motion to dismiss is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

HARRISON and HOWERTON, JJ., concur.