(No. 74171.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MARTY MULCAHEY, Appellee.

*Opinion filed July 22, 1993.*

Roland W. Burris, Attorney General, of Springfield, and Charles G. Reynard, State's Attorney, of Bloomington (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen and Michael A. Hurst, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, Robert J. Biderman and Elliott Turpin, of the Office of the State's Attorneys Appellate Prosecutor, of Springfield, of counsel), for the People.

George F. Taseff, of Bloomington, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

The defendant was indicted in the circuit court of McLean County on six counts of aggravated criminal sexual abuse, a felony. (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(d).) The case proceeded to trial. Following the State's presentation of its case in chief, the defendant and the State began plea negotiations. The defendant agreed to plead guilty to three counts of misdemeanor criminal sexual abuse. (Ill. Rev. Stat. 1989, ch. 38, par. 12—15(c).) The trial court, however, refused to permit the State to file the misdemeanor charges in the pending case and to accept the defendant's guilty plea. The State then moved to nol-pros the felony charges. The court granted the State's motion, and the trial on the felony charges was terminated.

The State subsequently filed the misdemeanor charges against the defendant, but the defendant refused to plead guilty. Thereafter, the State reindicted the defendant on the felony aggravated criminal sexual abuse counts. On the defendant's motion, the trial court dismissed the reinstated felony charges on the grounds that the double jeopardy provisions of the United States Constitution and the Illinois Constitution of 1970 (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10) barred the defendant's reindictment on those charges. The appellate court affirmed. (231 Ill. App. 3d 908.) This court granted the State's petition for leave to appeal (134 Ill. 2d R. 315).

The issue presented for our review is whether the double jeopardy provisions of the United States Constitution and the Illinois Constitution of 1970 bar the defendant's reindictment on the felony charges of aggra-

vated criminal sexual abuse. The facts surrounding the State's *nolle prosequi* and subsequent reinstatement of the felony charges of aggravated criminal sexual abuse are as follows.

As stated, the defendant was indicted on six counts of aggravated criminal sexual abuse. The indictments alleged that the defendant engaged in multiple acts of sexual penetration and fondling of a child between 13 and 17 years of age where the defendant was at least five years older than the child. (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(d).) A jury was impaneled and sworn, and the case proceeded to trial.

After the State rested its case, counsel for the State advised the court that the defendant had agreed to plead guilty to three misdemeanor charges of criminal sexual abuse. (Ill. Rev. Stat. 1989, ch. 38, par. 12—15(c).) The following exchange occurred:

> "MR. REYNARD [State's Attorney]: Judge, at this time I would like to indicate to the Court that Mr. Skelton [defense attorney] and I have discussed the resolution of the case, and that resolution would contemplate that I would be asking leave of the Court to nolle-pros the pending charges against the Defendant with leave to file in three additional counts, which would be referred to the Associate Division for plea and disposition. Those counts are in the process of being drafted.
>
> THE COURT: Well, you can file in whatever you want to wherever you want to, but I am not going to handle the matter, and I am not going to grant you leave to file them in this case. You can file—you can start a new case if you want to file, but I have got this case on trial; and if you nolle it, that is fine. Give me your nolle, and we'll start the next case on the calendar, and then you and the Defendant and his counsel can head to the Associate Division with whatever new charges you have and proceed. So have you got your nolle?
>
> MR. SKELTON: Judge, in fairness to the State and to be quite frank with the Court, the disposition that has

been discussed involves a plea to certain misdemeanor counts that have been referred to by Mr. Reynard, and I want to indicate on the record that on behalf of Mr. Mulcahey, we are waiving any jeopardy claims or double jeopardy claims that have been attached in regard to this case, and I want to make that clear on the record today. I understand full well that certainly is going to have no impact on this Court today, but for future proceedings is what I am referring to.

THE COURT: This case has been pending since December of last year, and it is an old case, and we finished with the State's evidence. So as far as the court is concerned, I am not going to accept it on—if this Court is confronted with that in the future on a refiling, I believe that jeopardy is attached, and that waiver isn't going to be effective."

Counsel for the State and the defendant thereafter conferred away from the bench. When they returned to the bench, additional discussion of the State's motion to nolpros took place:

"MR. REYNARD: Judge, again I would ask leave to file three additional counts into this matter, and the reason I renew that request is because of the Court's indications with respect to jeopardy, and I think that would insure against difficulty. I understand Defendant's waiver, but I think that would insure against any difficulty that might arise in the future, and I would again ask that Counts 1 through 6 be dismissed, and the matter referred.

THE COURT: I won't grant you leave to file additional counts in this case. This case is on trial. It has been through the People's evidence. The People have rested. We are ready for the defense's case as to the charges that are pending, the six charges that are pending. The addition of additional counts at this time, I think, is not appropriate, so you will have to decide whether you are going to nolle or go on and finish the trial.

MR. REYNARD: I am handing up a nolle-pros.

MR. SKELTON: No objection to filing in that motion, Judge.

THE COURT: All right, the motion to nolle-pros would be allowed."

Counsel for the State then tendered the State's written motion to nol-pros all six counts of the felony indictment. The motion specifically included the condition that the defendant agreed "to plead guilty to 3 counts of Criminal Sexual Abuse based upon the same conduct referenced in the pending charges." The defendant's counsel stated that he had no objection to the motion, and the court allowed the State's motion. Following termination of the trial, the defendant discharged his attorney and hired new counsel. When the State later filed the agreed-upon misdemeanor charges, the defendant refused to plead guilty. The State then reindicted the defendant on the felony aggravated criminal sexual abuse counts.

The defendant contends that, because jeopardy had already attached by the time the State moved to nol-pros the aggravated criminal sexual abuse counts (see, *e.g.,* *Crist v. Bretz* (1978), 437 U.S. 28, 57 L. Ed. 2d 24, 98 S. Ct. 2156 (holding that the rule that jeopardy attaches when a jury is impaneled and sworn is an integral part of the fifth amendment guarantee against double jeopardy and is binding on the States through the fourteenth amendment)), the State is barred from reinstating those counts.

The United States Supreme Court addressed the issue of whether a defendant's breach of a plea agreement removed the double jeopardy bar to prosecution of the defendant on a charge that was dropped during plea negotiations in *Ricketts v. Adamson* (1987), 483 U.S. 1, 97 L. Ed. 2d 1, 107 S. Ct. 2680. In *Ricketts*, the defendant was charged with first degree murder. While jury selection was underway, the defendant and the prosecutor

reached an agreement whereby the defendant agreed to plead guilty to a charge of second degree murder in exchange for testifying against two other individuals allegedly involved in the same murder. The State agreed to dismiss the first degree murder charge. The trial court accepted the plea agreement, and the defendant was sentenced for second degree murder.

Sometime later, the defendant refused to testify against the other individuals. The State thereupon reinstated the first degree murder charge. The defendant was convicted of first degree murder and sentenced to death. On appeal to the United States Supreme Court, he argued that reinstatement of the first degree murder charge was barred by the double jeopardy clause of the United States Constitution. The Court rejected the defendant's argument. The Court first noted that jeopardy had attached "at least when [the defendant] was sentenced in December 1978, on his plea of guilty to second-degree murder." (*Ricketts*, 483 U.S. at 8, 97 L. Ed. 2d at 11, 107 S. Ct. at 2685.) Despite the fact that jeopardy had attached, the Court found that reinstatement of the previously dropped first degree murder charge was not barred. The Court reasoned that both the defendant and the State had bargained for and received substantial benefits in entering into the plea agreement. The State had obtained a guilty plea and the defendant's promise to testify against other individuals, while the defendant had avoided the possibility of a first degree murder conviction.

Further, the Court reasoned, the plea agreement, which was reduced to writing and was read to the defendant at the plea hearing, expressly stated that if the defendant breached the agreement, " 'this entire agreement is null and void and the original charge will be *automatically* reinstated.' " (Emphasis in original.) (*Ricketts*, 483 U.S. at 9, 97 L. Ed. 2d at 11, 107 S. Ct.

at 2685.) The Court also noted that, after the defendant's breach of his agreement, he was returned to the position he had occupied prior to execution of the plea bargain: he stood charged with first degree murder.

Like the defendant in *Ricketts*, the defendant in this case stood to receive substantial benefits by entering into a plea agreement. Felony charges of aggravated criminal sexual abuse were to be dropped, and the defendant instead was to be convicted and sentenced on misdemeanor charges of criminal sexual abuse. Further, as in *Ricketts*, the defendant here, following his decision to refuse to plead guilty to the lesser charges, was returned to the position he had originally occupied: he stood charged with six counts of felony aggravated criminal sexual abuse.

The defendant argues that *Ricketts* is distinguishable from the instant case because in *Ricketts* the defendant was expressly admonished that the original charge against him would be reinstated if he failed to fulfill his plea agreement. The defendant points out that, in this case, the defendant's attorney stated before the trial court that "the disposition that has been discussed involves a plea to certain misdemeanor counts *** and I want to indicate on the record that on behalf of Mr. Mulcahey, we are waiving any jeopardy claims or double jeopardy claims that have been attached in regard to this case ***." In response, the trial court stated, "So as far as the court is concerned, I am not going to accept it on—if this Court is confronted with that in the future on a refiling, I believe that jeopardy is attached, and that waiver isn't going to be effective." The defendant argues that, because of the trial court's response, it was never "brought home" to the defendant in this case, as it was with respect to the defendant in *Ricketts*, that he was waiving his double jeopardy rights and could be reprosecuted on the dropped charges if he failed to abide

by his plea agreement. Thus, the defendant contends, it cannot be said that he effectively waived his double jeopardy rights.

We need not address the defendant's argument, however. We find that reindictment of the defendant on charges of felony aggravated criminal sexual abuse would be permitted even if the defendant's attorney had not stated that he was waiving all double jeopardy rights on behalf of his client. Our conclusion is based upon another United States Supreme Court case, *United States v. Scott* (1978), 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187.

In *Scott*, the defendant was charged in a three-count indictment with distribution of various narcotics. During the course of his jury trial, the defendant moved to dismiss two counts of the indictment on the grounds that his defense had been prejudiced by preindictment delay. At the close of all the evidence, the court granted the defendant's motion. The State sought to appeal the dismissal of the two counts. However, the appellate court concluded that the appeal should be dismissed because further prosecution of the defendant on the two dismissed counts would be barred by the double jeopardy clause. The United States Supreme Court reversed. The Court noted that jeopardy had attached with respect to the two counts in question. Nevertheless, the Court concluded, double jeopardy principles would not bar retrial of the defendant on the two dismissed counts.

The Court reasoned that the State was prepared to continue with the trial before the jury impaneled to try the defendant. However, the defendant had elected to seek termination of the trial on grounds "unrelated to guilt or innocence." (*Scott*, 437 U.S. at 96, 57 L. Ed. 2d at 77, 98 S. Ct. at 2196.) The Court found that by deliberately choosing to seek termination of the proceedings prior to a verdict, the defendant suffered "no injury cog-

nizable under the Double Jeopardy Clause" if the State was permitted to appeal and retry the defendant on the dismissed counts. (*Scott*, 437 U.S. at 99, 57 L. Ed. 2d at 79, 98 S. Ct. at 2198.) "This is scarcely a picture of an all-powerful state relentlessly pursuing a defendant who had either been found not guilty or who had at least insisted on having the issue of guilt submitted to the first trier of fact," the Court stated. (*Scott*, 437 U.S. at 96, 57 L. Ed. 2d at 77, 98 S. Ct. at 2196.) The Court noted that it was not finding that the defendant had "waived" his double jeopardy rights. (*Scott*, 437 U.S. at 99, 57 L. Ed. 2d at 79, 98 S. Ct. at 2198.) Rather, the Court concluded, "[T]he Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice." *Scott*, 437 U.S. at 99, 57 L. Ed. 2d at 79, 98 S. Ct. at 2198.

Like the defendant in *Scott*, the defendant here voluntarily chose to seek termination of his trial on felony charges of aggravated criminal sexual abuse prior to a verdict being reached. He voluntarily chose to seek termination on grounds unrelated to his guilt or innocence when he decided to enter into plea bargain negotiations after his trial had already begun. The State's motion to nol-pros was expressly conditioned upon the defendant's pleading guilty to three misdemeanor counts of criminal sexual abuse. There is no indication in the record that the State was unprepared to proceed with the defendant's trial on the felony charges if the defendant had not agreed to plead guilty to the misdemeanor charges. Accordingly, we conclude that the defendant here would suffer no injury cognizable under the double jeopardy clause by being retried on the felony charges following his decision not to abide by his plea agreement. This is not a case which raises the specter of government oppression. Rather, this is a case in which the defendant,

after voluntarily choosing to seek termination of his trial by entering into a plea agreement, chose to back out of that plea agreement. He now seeks to forever avoid a determination of guilt or innocence for the crimes he allegedly committed.

Our determination that reindictment of the defendant on felony charges of aggravated criminal sexual abuse is not barred by double jeopardy principles is supported by decisions from the Federal courts of appeals. In *Fransaw v. Lynaugh* (5th Cir. 1987), 810 F.2d 518, the defendant was charged with two counts of murder. The first count charged the defendant with murder as defined in section 19.02(a)(1) of the Texas Penal Code (Tex. Penal Code Ann. §19.02(a)(1) (West 1989)). The second count charged the defendant with murder as defined in section 19.02(a)(2) of the Texas Penal Code (Tex. Penal Code Ann. §19.02(a)(2) (West 1989)). The defendant pleaded not guilty to both murder counts, and trial before a jury commenced. After the testimony of the State's first two witnesses, the defendant entered into plea negotiations with the State. It was agreed that in exchange for the defendant's guilty plea to the first murder count, predicated upon section 19.02(a)(1), the State would dismiss the second count, predicated upon section 19.02(a)(2). The trial judge accepted the plea agreement. At the sentencing hearing two months later, a misunderstanding surfaced. The trial court imposed a sentence which the defendant claimed was 10 years longer than what had been promised to him. When this disagreement could not be resolved, the trial court permitted the defendant to withdraw his guilty plea.

Subsequently, the State reinstated the original indictment, including both murder counts. The defendant was convicted of a lesser included offense of murder as defined in section 19.02(a)(2). On Federal *habeas corpus* review, the defendant contended that his conviction could

not stand. He argued that principles of double jeopardy barred the State from reinstating the section 19.02(a)(2) murder charge against him after it had been dismissed pursuant to the defendant's plea agreement. The Federal Court of Appeals for the Fifth Circuit rejected the defendant's claim.

The *Fransaw* court noted that " 'the conclusion that jeopardy has attached begins, rather than ends, the inquiry' " into whether the double jeopardy clause bars prosecution. (*Fransaw*, 810 F.2d at 527, quoting *Illinois v. Somerville* (1973), 410 U.S. 458, 467, 35 L. Ed. 2d 425, 433, 93 S. Ct. 1066, 1072.) In support of its holding, the court reasoned that the defendant's position was analogous to that of a defendant who abandons the possibility of acquittal in his first trial by requesting a mistrial, a situation in which retrial is generally permitted. Similarly, the court stated, "[The defendant here] voluntarily surrendered the plea bargain's refuge against prosecution on the section 19.01(a)(2) paragraph." (*Fransaw*, 810 F.2d at 528.) The court further noted:

> "[The defendant] sought out the state after appearing before his chosen jurors and entered an arrangement designed to insulate him from what he feared would be their unfavorable reaction to his case. *** [T]he double jeopardy clause guards against the harassment, embarrassment, expense, and increasing odds of conviction that accompany repeated prosecutions. Here, however, this burden was voluntarily shouldered by [the defendant]." (*Fransaw*, 810 F.2d at 528.)

Like the defendant in *Fransaw*, the defendant here voluntarily chose to terminate his trial by entering into a plea agreement. He then voluntarily chose to back out of the agreement. Accordingly, as in *Fransaw*, the double jeopardy clause does not bar the State from trying the defendant on the charges dropped when the plea agreement was entered into. See also *Taylor v. Kincheloe* (9th

Cir. 1990), 920 F.2d 599 (reinstatement of first degree murder charges dropped during plea negotiations permissible under the double jeopardy clause after defendant succeeded in having plea agreement vacated on appeal); *United States v. Baggett* (11th Cir. 1990), 901 F.2d 1546 (double jeopardy clause did not bar trial on counts dismissed as a result of a plea bargain after defendant was permitted to withdraw the guilty plea at the sentencing hearing when the judge rejected the sentencing agreement).

For the reasons stated above, the judgment of the appellate court, affirming the trial court's dismissal of the felony aggravated criminal sexual abuse counts, is reversed. The judgment of the circuit court is reversed, and the cause is remanded to the circuit court for further proceeedings.

*Appellate court reversed;*
*circuit court reversed;*
*cause remanded.*