THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GLENNELL BLAKE, Defendant-Appellant.

First District (6th Division)   No. 1—95—3823

Opinion filed March 31, 1997.

Rita A. Fry, Public Defender, of Chicago (Elyse Krug Miller, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Susan R. Schierl, and Julie Line Bailey, Assistant State's Attorneys, of counsel), for the People.

JUSTICE THEIS delivered the opinion of the court:

Following a bench trial, defendant was found guilty of six counts of criminal sexual assault. The trial court sentenced defendant to two consecutive terms of eight years' imprisonment. On appeal, defendant initially argues that double jeopardy barred prosecution of three counts where the State nol-prossed those counts and then attempted to reinstate them. We agree and vacate defendant's conviction for counts VI, VII, and VIII, and remand for resentencing.

The State charged defendant with two counts of aggravated criminal sexual assault, six counts of criminal sexual assault, four counts of aggravated criminal sexual abuse, and two counts of unlawful restraint. The charges arose out of two attacks against a minor on August 9, 1993. The victim, a 13-year-old girl with a learning disability, attended a family party where the defendant was present. Defendant knew the victim for approximately five years prior to the attack. Both the victim and the defendant spent the night at the hostess's home. The victim shared a bed with the hostess's four-year-

old grandchild. The victim claimed that she awoke in the middle of the night to discover her hands tied behind her head, and the defendant on top of her. Defendant removed his pants and warned the victim not to tell anyone about the attack. Defendant raped the victim.

The victim awoke the hostess's niece, Janet Eason, and told her that the defendant was "messing with me." Unaware of the severity of the situation, Eason told the victim to tell the defendant to stop messing with her. The victim returned to her bedroom to find that the defendant had left. Later in the evening, however, the defendant returned to the victim's room and repeated the assault. The victim again ran to Eason, who awoke the hostess, Ruby Woods. Eason and Woods asked the victim if the defendant had sex with her, and the victim replied that he did not.

Approximately one month later, the victim informed family friend Daniella Adams that the defendant had raped her and warned her not to tell anyone. Adams informed the victim's mother, who brought the victim to the hospital. Dr. Vera Davis examined the victim and found that she had been penetrated and had sustained vaginal trauma. The defendant turned himself in to police but denied raping the victim.

The State called Eason, Adams, and the victim's mother to testify. In addition, the parties stipulated to the findings of Dr. Davis. Following this stipulation, the State rested. On the Friday prior to the defendant's presentation of its case, the assistant State's Attorney went through the charges in open court to determine whether any duplicate charges should be nol-prossed.

The assistant State's Attorney initially stated that counts I and II were identical. The State nol-prossed count II, despite the trial court's interjection that, because defendant allegedly committed two acts, perhaps counts I and II could remain. In addition, the assistant State's Attorney nol-prossed all of the aggravated criminal sexual abuse charges and one count of unlawful restraint. The trial court surmised that only counts I, III through VIII, and XIII remained. The parties then addressed the six counts of criminal sexual assault contained in counts III, IV, V, VI, VII, and VIII. The following colloquy occurred:

"[ASSISTANT PUBLIC DEFENDER]: I see [counts] three and six are the same.

[ASSISTANT STATE'S ATTORNEY]: Judge, I think that with respect to Count 3—

THE COURT: Three and six are the same, right?

[ASSISTANT STATE'S ATTORNEY]: Yeah, I think 3, 4, 5, 6, 7 and 8 are probably going to be duplicative of 3, 4, and 5.

THE COURT: 3 and 6 are the same. 4.

[ASSISTANT STATE'S ATTORNEY]: And 7 are probably the same.

THE COURT: 4 and 7 are the same.

[ASSISTANT STATE'S ATTORNEY]: Okay, and I would venture to say that 5 and 8 are the same. They are. So I would nolle 6, 7 and 8.

THE COURT: Okay, you're directing counts number 6, 7, 8?

[ASSISTANT STATE'S ATTORNEY]: Correct.

THE COURT: Motion [S]tate nolle prosse. Defendant demands trial on those counts."

The assistant State's Attorney then stated that she misspoke as to counts I and II and asked the trial court to reinstate count II. The court agreed and the defendant did not object. Defense counsel did, however, make a motion for a directed finding of acquittal on counts I and II, claiming that unlawful restraint could not be used as a felony to aggravate criminal sexual assault.

The court continued the case until the following Wednesday. On Wednesday, the trial court granted the defendant's motion for a directed verdict as to counts I and II. The assistant State's Attorney nol-prossed count XIII but stated that she had nol-prossed counts VI, VII, and VIII in error. Over defense counsel's objection, the trial court reinstated counts VI, VII, and VIII. The trial proceeded as to counts III through VIII.

Defendant testified in his own behalf and denied raping or otherwise assaulting the victim. Defendant's aunt, Ruby Woods, testified that, on the night of the alleged attack, the victim denied that the defendant raped her. The defense rested, and the trial court found defendant guilty on all six counts of criminal sexual assault.

Defendant filed a motion for a new trial, claiming that double jeopardy barred prosecution of counts VI, VII, and VIII. The court denied defendant's motion, finding that defendant was not prejudiced by the reinstatement of the counts. The court sentenced defendant to eight years' imprisonment on counts III, IV, and V and eight years' imprisonment on counts VI, VII, and VIII. Although the court was silent as to whether the sentences would run consecutively or concurrently, the sentencing order states that the sentences are to be served consecutively.

■ On appeal, defendant reasserts his claim that double jeopardy barred the State from proceeding on counts VI, VII, and VIII after the assistant State's Attorney had nol-prossed those counts. Section 3—4(a)(3) of the Criminal Code of 1961 provides:

"(a) A prosecution is barred if the defendant was formerly pros-

ecuted for the same offense, based upon the same facts, if such former prosecution:

\* \* \*

(3) Was terminated improperly after the jury was impaneled and sworn or, in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts, or after a plea of guilty was accepted by the court." 720 ILCS 5/3—4(a)(3) (West 1994).

Shortly after the Criminal Code of 1961 was enacted, this court interpreted section 3—4 as being consistent with the common law rule that a *nolle prosequi* after jeopardy attaches amounts to an acquittal and a bar to further prosecution. See *People v. Miller*, 55 Ill. App. 2d 146, 204 N.E.2d 305 (1965), *rev'd in part on other grounds*, 35 Ill. 2d 62, 219 N.E.2d 475 (1966).

■ In a bench trial, jeopardy attaches after the first witness is sworn in and the court hears the evidence. *People v. Wallace*, 210 Ill. App. 3d 325, 568 N.E.2d 1332 (1991). Accordingly, while the State may refile charges nol-prossed before jeopardy attaches (*People v. Mooar*, 92 Ill. App. 3d 852, 416 N.E.2d 81 (1981)), the State is barred from subsequently prosecuting charges nol-prossed after jeopardy has attached. *People v. Yarbrough*, 179 Ill. App. 3d 198, 201, 534 N.E.2d 695 (1989), citing *People v. Jackson*, 132 Ill. App. 2d 1059, 271 N.E.2d 673 (1971).

■ In the case at bar, the State nol-prossed counts VI, VII, and VIII after presenting its case in chief. The State does not dispute that jeopardy had attached but argues that such a determination merely begins rather than ends the inquiry as to whether double jeopardy bars subsequent prosecution, citing *People v. Mulcahey*, 155 Ill. 2d 549, 617 N.E.2d 1176 (1993). In *Mulcahey*, the State nol-prossed felony charges against the defendant after the defendant agreed to plead guilty to a misdemeanor. The State refiled the felony charges when the defendant refused to plead guilty to the misdemeanor charge. The Illinois Supreme Court held that while jeopardy had attached, the State was free to refile the felony charges noting that "the defendant \*\*\* voluntarily chose to seek termination of his trial \*\*\* prior to a verdict." *Mulcahey*, 155 Ill. 2d at 557, 617 N.E.2d at 1180. Finding that the *nolle prosequi* was expressly conditioned upon the defendant's guilty plea, the court ruled that double jeopardy afforded the defendant no protection from the reinstatement of the felony charges. *Mulcahey*, 155 Ill. 2d 549, 617 N.E.2d 1176.

We note that all of the cases relied upon by the *Mulcahey* court in support of its finding that double jeopardy did not apply involved the defendant's voluntary election to terminate the trial on grounds

"unrelated to guilt or innocence." *United States v. Scott*, 437 U.S. 82, 96, 57 L. Ed. 2d 65, 77, 98 S. Ct. 2187, 2196 (1978). In discussing the *Scott* decision, the *Mulcahey* court stated: "The [United States Supreme] Court found that by deliberately choosing to seek termination of the proceedings prior to a verdict, the defendant suffered 'no injury cognizable under the Double Jeopardy Clause.' " *Mulcahey*, 155 Ill. 2d at 556-57, 617 N.E.2d at 1180, quoting *Scott*, 437 U.S. at 99, 57 L. Ed. 2d at 79, 98 S. Ct. at 2198.

Conspicuously absent from the present case is any deliberate or voluntary conduct by the defendant to secure the *nolle prosequi*. The defendant did not agree to plead guilty to a lesser offense (*People v. Mulcahey*, 155 Ill. 2d 549, 617 N.E.2d 1176 (1993)) or to testify in another proceeding (*Ricketts v. Adamson*, 483 U.S. 1, 97 L. Ed. 2d 1, 107 S. Ct. 2680 (1987)) in exchange for the *nolle prosequi*. Because we find that the only circumstances in which the Illinois or United States Supreme Court has departed from the common law rule against reinstatement involved such voluntary conduct, we hold that double jeopardy bars the State from reasserting counts VI, VII, and VIII against this defendant. Accordingly, we vacate the defendant's conviction on counts VI, VII, and VIII.

■ Defendant argues that under the Illinois Supreme Court's holding in *People v. King*, 66 Ill. 2d 551, 363 N.E.2d 838 (1977), we must also vacate his convictions on counts IV and V as they are based upon the identical physical act as found in count III. We acknowledge that "[i]f the offenses were based on a single act *** then only the conviction for the most serious offense [is] permitted." *King*, 66 Ill. 2d at 562, 363 N.E.2d at 842. However, the State presented evidence of two separate attacks. Counts III, IV, and V do not distinguish between the first and the second attacks. Because we cannot determine with any degree of certainty whether the current sentence is appropriate, we remand this case for resentencing. See *People v. Olsen*, 161 Ill. App. 3d 945, 514 N.E.2d 233 (1987).

■ Finally, defendant argues that counts IV and V must be vacated because the State failed to present sufficient evidence to sustain convictions on these counts. In count IV, the State alleged that the defendant penetrated the victim and "he knew that T.L. was unable to understand the nature of the act." In count V, the State alleged the same conduct and further stated that the victim was "unable to give knowing consent." Defendant argues that the State presented insufficient evidence as to whether the victim was unable to understand the nature of the act or give knowing consent. In support of his position, defendant notes that the victim was cognizant enough to protest the alleged attacks and was knowledgeable enough to use the terms "vagina" and "penis."

We review defendant's sufficiency of the evidence argument under the standard set forth in *People v. Collins*, 106 Ill. 2d 237, 478 N.E.2d 267 (1985). Under the Illinois Supreme Court's decision in *Collins*, we must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of criminal sexual assault beyond a reasonable doubt. *Collins*, 106 Ill. 2d 237, 478 N.E.2d 267. In ruling whether a victim understood the nature of a sexual act, this court has held that mere evidence the victim understood the physical nature of sexual relations is not sufficient to establish that the victim comprehended the social and personal costs involved. *People v. Weiss*, 263 Ill. App. 3d 725, 635 N.E.2d 635 (1994).

In reviewing the evidence presented by the State, we note that at the time of the attack, the victim was 13 years old and the defendant was 30 years old. The victim was educationally mentally handicapped and was enrolled in special education classes. The victim's mother testified that the victim's learning disability sometimes affected her ability to articulate her feelings. Defendant had known the victim for approximately five years prior to the attack. The trier of fact is in the best position to judge the credibility of the witnesses and to determine the weight to be given their testimony and the reasonable inferences to be drawn therefrom. *People v. Campbell*, 146 Ill. 2d 363, 586 N.E.2d 1261 (1992). After viewing the evidence in the light most favorable to the prosecution, we cannot say that no rational trier of fact could have found that the victim was unable to understand or give consent to intercourse with the defendant. Accordingly, we reject defendant's challenge to the sufficiency of the evidence.

Affirmed in part and vacated in part; remanded for resentencing.

GREIMAN, P.J., and ZWICK, J., concur.