(No. 19640.—

Albert F. Miller *et al.* Appellees, *vs.* W. O. Bunn *et al.* Appellants.

*Opinion filed October 19, 1929.*

Smith & Smith, for appellants.

Mr. Chief Justice Farmer delivered the opinion of the court:

Appellees, as complainants, filed their bill in the circuit court of Clay county alleging that they each owned stock in the Sailor Springs Telephone Company, a joint stock company formed in 1904 for the purpose of operating a mutual telephone system in and around Sailor Springs, Clay county. The bill prayed the appointment of a receiver for the telephone company, that an accounting be taken under

the direction of the court, and that the property of the telephone company may be sold and the company dissolved. The defendants, who were some of the stockholders, demurred to the bill jointly, and for special grounds denied the jurisdiction of the court to grant the prayer of the bill without the consent of the Commerce Commission. The demurrer was overruled. The order of the court overruling the demurrer states that the defendants having elected to stand by their demurrer, "it is therefore ordered, adjudged and decreed by the court that the demurrer of the defendants be and the same is hereby overruled," which order was excepted to by defendants and an appeal prayed and allowed. Bond was filed and approved and the case brought to this court on the ground that a freehold is involved, as the bill alleges the telephone company owned the building in which the switchboard is situated and asked that it be sold. Appellees have not appeared or filed a brief.

No final decree was entered in the case from which an appeal is authorized to be taken. The order overruling the demurrer was not a final order or judgment. It recites defendants stood by their demurrer. They refused to answer the bill, and the court was authorized to enter a final decree but did not do so. The only order or decree rendered was one overruling the demurrer, but no final disposition of the bill was made by any order. Overruling the demurrer left the bill standing without any answer to it. Such an order was not a final disposition of the case and an appeal will not lie from such a decree. *Williams* v. *Huey,* 263 Ill. 275; *Smith* v. *Dellitt,* 244 id. 75; *Livingston County Building Ass'n* v. *Keach,* 213 id. 59; *Gage* v. *Eich,* 56 id. 297.

We have no jurisdiction of the appeal, and it is therefore dismissed. *Appeal dismissed.*