(No. 29643.—

JOHN WESLEY WATSON *vs.* MELLA HOBSON *et al.*, Appellants.—(JOHN WESLEY WATSON *et al.*, Appellees.)

*Opinion filed March 19, 1947—Rehearing denied May 19, 1947.*

DUCK & McMANIGAL, (THOMAS MARSHALL, of counsel,) both of Chicago, for appellants.

MORRIS K. LEVINSON, and SAMUEL L. COHEN, both of Chicago, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee John Wesley Watson filed, in the superior court of Cook county a complaint for partition of certain real estate located in the city of Chicago, making various persons parties defendant. In this complaint Watson claimed an interest in fee as tenant in common with appellant Mella Hobson. It is asserted in the complaint that, upon the death intestate of Edna B. Mitchell, then owner of the property, it descended to Sophia Willis and appellant Mella Hobson; that by a warranty deed Sophia Willis had conveyed all her interest in the property to him, Watson, and that no one but he and appellant Hobson had any interest in the property.

The complaint prayed for partition and accounting of rents. Parties in interest were named as defendants. Certain others were allowed to intervene and filed answers and cross complaints. The joint defense filed by appellants was an oral contract not to partition, a contract by Sophia Willis to convey for support for life, and a contract for certain equitable liens in favor of attorneys and others. A cross complaint was filed which, with other relief, sought removal of the deed to appellee Watson as a cloud on the title.

The chancellor, on motion, struck the appellants' third amended joint answers and cross complaint, with leave to file further amended answer and cross complaint. The ground of this order was the legal insufficiency of the answers and cross complaint in that they were conclusions and not allegations of facts germane to the original complaint.

Concerning this matter the abstract shows that the court ordered that the third amended answers and cross complaint be stricken and leave given to file further amendments, and defendants having declined to file further amendments but standing by their answers and cross complaint, it was ordered that defendants stand defaulted and that plaintiffs' complaint and the cross complaint of Sophia Willis be taken as confessed by the defendants and the cause referred to the master in chancery.

The question first arising is whether this constitutes a final judgment. While there is no motion to dismiss this appeal, it is incumbent on this court to meet and decide this question. An order, judgment or decree, to be appealable, must be final. (*People ex rel. Hesterman* v. *Chicago, Burlington and Quincy Railroad Co.* 306 Ill. 166.) No final judgment is presented by this record. While, it is true, the order of the court defaulted defendants and ordered that the complaint and the cross complaint of Sophia Willis be taken as confessed and the cause referred to the master in chancery for further proceedings, there

has been no judgment on the complaint or cross complaint for partition and no order disposing of the issues in the case. Defendants and cross complainants have presented their answers and cross complaints which they say are sufficient in law. If and when the cause reaches this court on appeal from a final judgment or decree, the sufficiency of their answers and cross complaints will be up for decision. There is now no final judgment in this cause and the appeal will be dismissed.

*Appeal dismissed.*