(No. 31862.

CHICAGO HOUSING AUTHORITY, Appellee, *vs.* BURTON R. ABRAMS *et al.*—(GEORGE T. JURUS *et al.,* Appellants.)

*Opinion filed May 24, 1951.*

HEBER T. DOTSON, of Chicago, for appellants.

ROBERT A. SNOW, of Chicago, (IRVING GOODMAN, and WILLIAM H. POWELL, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

Appellee, the Chicago Housing Authority, a municipal corporation, filed its petition in the circuit court of Cook County on February 20, 1948, to condemn an area in the city of Chicago for purposes of slum clearance, redevelopment and rehabilitation of an alleged blighted or slum area, pursuant to the Housing Authorities Act. (Ill. Rev. Stat. 1947, chap. 67½, pars. 1 to 27d, incl.) The area sought is bounded by Twenty-ninth Street on the north, Thirty-first Street on the south, Cottage Grove Avenue on the west, and Lake Park Avenue on the east.

On June 21, 1950, George T. Jurus and Rose E. Jurus, the appellants, who own a parcel of real estate known as 3009 Ellis Avenue, within the area embraced by the petition, filed a motion to controvert petitioner's right to condemn, and a simultaneous demand for a jury trial on the issues raised by the motion. For the most part, the motion attacked the validity of the statute, the power of the petitioner to condemn this particular area, the petitioner's failure to make a just offer of payment for the property to be taken, and it denied the power of the petitioner to sell or lease premises so acquired. The court, without a jury, heard testimony on the issues thus raised, then subsequently denied the motion. Appellants then followed with a motion to dismiss the petition, alleging that from a stipulation of fact entered into at the hearing on the first motion, it appeared that the controverted property was to be taken for a private use rather than a public use. The matter in the stipulation, referred to by appellant, relates to a contract under date of February 18, 1947, entered into by the appellee corporation and Michael Reese Hospital of Chicago, a nonprofit corporation, whereby appellee agreed, following the acquisition and clearance of the property herein sought to be condemned, to sell or lease all of said property, and whereby the hospital corporation agreed to submit an offer therefor together with a plan

for redevelopment; the bid to be at a price equal to the sum of the actual cost of the land plus the cost for subsequent demolition and clearance. The stipulation further recited that the hospital corporation was the highest bidder at a public sale of a portion of the property in the area not needed or necessary for any uses authorized by the Housing Authorities Act; that appellee had accepted the bid and had given a quitclaim deed for the premises to the hospital, and that all of such transactions had occurred prior to the hearing on appellants' motion to controvert. The trial court denied the motion to dismiss the petition and this appeal is taken from that ruling of the court. No other errors are assigned.

In this court, appellee filed a motion to dismiss the appeal which was denied on January 9, 1951. Subsequently, appellee filed a motion which asks that we vacate our order of January 9, 1951, and renews the motion to dismiss. The latter motion has been taken with the case. In support of the claim that the appeal should be dismissed, appellee urges that the order appealed from is not a final and appealable order within the purview of section 77 of the Civil Practice Act, (Ill. Rev. Stat. 1947, chap. 110, par. 201,) but is, rather, a mere interlocutory order which does not finally dispose of the proceeding, so as to give this court jurisdiction on appeal.

The proposition is not a new one. In *Chicago Terminal Transfer Railroad Co.* v. *Preucil,* 236 Ill. 491, a condemnation case where an appeal was taken from an order denying a motion to dismiss the petition, we stated: "The decision of the court on the motion, and the order denying the same, were interlocutory and did not constitute a final adjudication between the parties. The court merely sustained the right of the appellee to proceed with the cause and have the compensation and damages ascertained. No appeal could be taken from that order, and the appeal finally taken was not from the final judgment but from

the interlocutory order." The general proposition is again set forth in *Smith* v. *Dellitt*, 244 Ill. 75, where it is stated: "It is well settled in this State that no appeal lies from an interlocutory order,—and an order overruling a demurrer to a bill is an interlocutory order. There must be a final order or decree in a chancery suit, or a final judgment in an action at law, to justify an appeal. [Citations.] The appeal was therefore premature." (See, also, *Miller* v. *Bunn*, 336 Ill. 203; *Watson* v. *Hobson*, 396 Ill. 617; *Calkin* v. *Roberts Park Fire Protection Dist.* 402 Ill. 579.) Appellants do not dispute the correctness of the foregoing statements of law but argue that the order appealed from is void for lack of jurisdiction in the trial court, and that an appeal lies to this court from a void order even though it is interlocutory in character.

We find no support for the position taken by appellants, nor have they aided their cause by citation of authority on the procedural point raised. The fallacy of their argument is that their motion attacks the sufficiency of the petition to condemn and not the jurisdiction of the court. It is their position that the petition sets forth a claim for relief to which appellee is not entitled, when considered in the light of the evidence which has come before the court by way of the stipulation. An order either upholding the petition or dismissing it for insufficiency or want of authority in the petitioner, cannot be called a void order, but rather is an order that is either correct or erroneous. The status of the inherent invalidity of a court order can be governed only by the court's jurisdiction to enter it. The court, in the present case, had jurisdiction to hear and pass on the motion made by appellants. Its decision thereon adverse to appellants could not make the order void; whether it was correct or incorrect is a matter to be determined in due course of law.

The trial court's order denying the motion to dismiss left the petition standing in the circuit court subject to

further hearing for the determination of damages and compensation. Such an order is not a final adjudication between the parties, and thus is not a final and appealable order. (*Miller* v. *Bunn,* 336 Ill. 203; *Williams* v. *Huey,* 263 Ill. 275.) We conclude that we have no jurisdiction of this appeal, therefore our order of January 9, 1951, is vacated, and the appeal dismissed.

*Appeal dismissed.*