(No. 39245.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* EDWARD MILLER *et al.,* Appellees.

*Opinion filed May 23, 1966.—Rehearing denied September 21, 1966.*

WILLIAM G. CLARK, Attorney General, of Springfield, and RAYMOND L. TERRELL, State's Attorney, of Springfield, for the People.

STUART DOBBS, of Springfield, for appellees.

HARRY G. FINS, of Chicago, *amicus curiae.*

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The grand jury for the circuit court of Sangamon County indicted the defendants, Edward Miller, John Burris and Clifford Withers, for the crime of rape. The defendants were brought to trial by jury, but the jury was unable to agree and the court declared a mistrial. About a month later, on the motion of the State, and without notice to any of the defendants or their counsel, the rape indictment was dismissed by the court. On the same day the grand jury returned a new indictment containing 6 counts, two of which charged the defendants with the rape of the same person and the other counts charging the defendants with taking indecent liberties and contributing to the sexual delinquency of this person, who was a minor. The defendants filed a motion to dismiss the new indictment and the trial court dismissed those counts of the indictment which charged the defendants with taking indecent liberties and contributing to the sexual delinquency of a child, but denied

the defendant's motion for dismissal of the two counts charging them with rape. The State appealed to the appellate court from the order of the trial court granting the motion to dismiss the counts charging indecent liberties and contributing to the sexual delinquency of a child, and the defendants cross-appealed from the order denying the motion to dismiss the rape counts. The Appellate Court for the Fourth District reversed the order of the trial court denying the motion to dismiss the rape counts and affirmed the trial court's dismissal of the other counts. We have granted the State's motion for leave to appeal.

We shall first consider the order of the trial court dismissing the additional counts. The propriety of this ruling is governed by the provisions of sections 3—3 and 3—4 of the Criminal Code of 1961. (Ill. Rev. Stat. 1963. chap. 38, pars. 3—3, 3—4) Section 3—3 provides as follows:

"(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

"(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act.

"(c) When 2 or more offenses are charged as required by Subsection (b), the court in the interest of justice may order that one or more of such charges shall be tried separately."

This section, providing for compulsory joinder of certain offenses, makes a major change in the law, for prior to the enactment of this section there was no requirement that different offenses arising from the same act be prosecuted at the same time. (See committee comments following section 3—3 for a discussion of the prior law and the purpose of this legislation: S.H.A. chap. 38, par. 3—3, pp. 124 *et seq.*) In the present case the parties entered into a

stipulation for the purpose of the appeal to the appellate court in which it was stipulated that the counts of the indictment charging the defendants with taking indecent liberties and contributing to the sexual delinquency of a child stemmed from the same conduct as that contained in the former rape indictment. In the State's petition for leave to appeal it is admitted that both indictments were based upon the same factual situation and that no new facts became known to the State's Attorney between the return of the original indictment and the second indictment. We believe that it is clear that the additional crimes charged in the second indictment and omitted from the first indictment were crimes which section 3—3 requires to be included in a single prosecution, since all of the offenses were known to the prosecution at the time of commencing the prosecution and were based on the same act.

Defendants argue from this premise that having failed to include the additional counts in the original indictment, and having proceeded to trial on that indictment, the State is now barred from prosecuting defendants on the additional counts of the second indictment. Their contention is based on their interpretation of section 3—4(b)(1) of the Criminal Code of 1961, which provides as follows:

"(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:

"(1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code (unless the court ordered a separate trial of such charge); or was for an offense which involves the same conduct unless each prosecution requires proof of a fact not required on the other

prosecution, or the offense was not consummated when the former trial began; * * *."

The State contends that this section bars a subsequent prosecution only if a "former prosecution" resulted in either a conviction or acquittal and that it is inapplicable in the present case where the "former prosecution" resulted in a mistrial and not in a conviction or acquittal.

We agree with the State's interpretation. To become operative the section contemplates the existence of several conditions. With reference to the subsequent proceeding or "prosecution" any of three different situations must exist: (1) it must be for an offense of which the defendant could have been convicted on the former prosecution, or (2) an offense with which the defendant should have been charged on the former prosecution, or (3) an offense which involves the same conduct as in the former prosecution. It may be conceded, as contended by defendants, that the facts of the "subsequent prosecution" meet one of the conditions for it is for offenses with which the defendant should have been charged in the "former prosecution". But this fact is not determinative of the issue. One condition remains and this is contained in the introductory sentence and first clause of the subparagraph of the section, wherein it is provided that, "A prosecution is barred * * * if such former prosecution: (1) Resulted in either a conviction or an acquittal, * * *." This language cannot be ignored and it is clear that this is a condition which is descriptive of the former prosecution and is as essential to the application of the section as is the existence of any one of the conditions descriptive of the subsequent prosecution. Necessarily, therefore, where the former prosecution resulted in a mistrial and not in a conviction or acquittal, the section is inapplicable and the trial court and the appellate court erred in ruling that subsequent prosecution of the additional charges was barred.

Turning now to the question of whether the rape counts

in the second indictment should have been dismissed, we must first consider whether the appellate court and this court have jurisdiction to consider this issue. The correctness of the trial court's order denying the defendants' motion to dismiss these counts was presented to the appellate court by the defendants' cross appeal from that order and the question is whether that court had jurisdiction to entertain the cross appeal.

We have uniformly held, both in civil and criminal cases, that no appeal lies from an interlocutory order in the absence of a statute or rule specifically authorizing such review. (*Chicago Housing Authority* v. *Abrams,* 409 Ill. 226, 229; *Moffat Coal Co.* v. *Industrial Commission,* 397 Ill. 196, 201; *People* v. *Tamborski,* 415 Ill. 466, 471; *Healey* v. *People,* 193 Ill. 370.) The order denying the defendant's motion to dismiss was an interlocutory order. (*Cf. Miller* v. *Bunn,* 336 Ill. 203 (order overruling a demurrer in a civil case); *Healy* v. *People,* 193 Ill. 370 (order denying motion for discharge in a criminal case).) Therefore, unless specific authority can be found authorizing an appeal from such an order the appellate court was without jurisdiction to consider it. The constitution provides that appeals from final judgments lie as a matter of right and that the Supreme Court may provide by rule for appeals to the appellate court from other than final judgments. (Ill. Const., Art. 6, secs. 4, 7.) By rule we have provided for appeals by the State in criminal cases from certain interlocutory judgments or orders. (Rule 27(4), 28 Ill. 2d xxi.) While this Rule gives the State the right to appeal to the appellate court from an order which results in dismissing an indictment, it does not authorize an appeal by a defendant from an order denying a motion to dismiss and no other provision of the constitution, statute, or rules authorizes such an appeal. In the absence of any such authority, it follows that the appellate court lacked jurisdiction to entertain an appeal from an order denying a motion to dismiss counts of the

indictment. The fact that the issue was presented by a cross appeal is of no significance, for the appellate court could acquire no greater jurisdiction on cross appeal than it could on appeal. The appellate court lacked jurisdiction to enter that portion of its judgment which reversed the order denying the motion to dismiss the rape counts of the indictments, and to that extent the judgment of the appellate court is vacated.

For the reasons expressed herein, the portion of the judgment of the appellate court affirming the order of the trial court dismissing the additional counts is reversed and the cause is remanded to the circuit court of Sangamon County, with directions to reinstate the dismissed counts. The portion of the judgment which reversed the order of the trial court denying the defendant's motion to dismiss the rape counts is vacated.

*Reversed and remanded in part and vacated in part.*