**John BURRIS, Petitioner-Appellant,**

v.

**Edward RYAN, Sheriff of Sangamon County, Illinois, Respondent-Appellee.**

**No. 16439.**

United States Court of Appeals Seventh Circuit.

June 13, 1968.

Robert Weiner, Bruce I. Gordon, Springfield, Ill., for petitioner-appellant.

Raymond L. Terrell, State's Atty., Charles H. Delano, Asst. State's Atty., Springfield, Ill., for respondent-appellee; Richard A. Hollis, First Asst. State's Atty., of counsel.

Before CASTLE, Chief Judge, and SCHNACKENBERG and FAIRCHILD, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

John Burris, petitioner, appeals from an order and judgment of the district court, denying his petition for a writ of habeas corpus.

On June 25, 1963, the grand jury of Sangamon County, Illinois, indicted Edward Miller, John Burris and Clifford Withers for the rape of a 14-year-old girl. They pleaded not guilty and were tried before a jury in an Illinois state court beginning December 9, 1963. The jury was unable to reach a verdict and was discharged when the court declared a mistrial. On January 17, 1964, the cause was dismissed by the court on motion of the State of Illinois, without notice to defendants or their counsel. On the same day the Sangamon County grand jury returned an indictment, No. 87–64, against said defendants, charging rape, indecent liberties, and contributing to the sexual delinquency of a child, based on the same conduct alleged in the 1963 indictment.

To the 1964 indictment, the three defendants filed a motion to dismiss and, on April 1, 1964, the Illinois trial court dismissed all the counts except the charges of rape, as to which charges it denied defendants' motion. The state appealed from the action of the court in dismissing counts III through VI and defendants cross-appealed.

On appeal, the Illinois Appellate Court in People v. Miller, 55 Ill.App.2d 146, 150, 204 N.E.2d 305, 307 (1965), said:

> " * * * This compulsory joinder is stated to be designed to provide a substantive protection of a defendant in those situations in which more than one offense is found to arise out of the same conduct or act, and the defense of double jeopardy is not available.
>
> "It is clear that the language of the Statute gives a greater protection to the defendant than that heretofore existing under the doctrine of former jeopardy and constitutes a major change in law. * * * "

However, when the case reached the Illinois Supreme Court (35 Ill.2d 62, 68, 219 N.E.2d 475 (1966)), it held that the Appellate Court lacked jurisdiction to enter that part of its judgment which reversed the order of the trial court denying the motion to dismiss the rape counts of the indictment. It vacated that part of the judgment of the Appellate Court. The Supreme Court stated at 65, 219 N.E.2d at 477:

> "Defendants argue from this premise that having failed to include the additional counts in the original indictment, and having proceeded to trial on that indictment, the State is now barred from prosecuting defendants on the additional counts of the second indictment. * * * "

The court indicated that defendants' contention is based on their interpretation of § 3–4(b) (1) of the Criminal Code of 1961, Ill.Rev.Stat.1963, ch. 38, § 3–4(b) (1), which provides as follows:

> (b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:
>
> (1) Resulted in either a conviction or an acquittal. * * *

At 66, 219 N.E.2d at 478, the court said:

> "The State contends that this section bars a subsequent prosecution only if a 'former prosecution' resulted in either a conviction or acquittal and that it is inapplicable in the present case where the 'former prosecution' resulted in a mistrial and not in a conviction or acquittal.
>
> "We agree with the State's interpretation. To become operative the section contemplates the existence of several conditions. With reference to the subsequent proceeding or 'prosecution' any of three different situations must exist: (1) it must be for an offense of which the defendant could have been convicted on the former prosecution, or (2) an offense with which the defendant should have been charged on the former prosecution, or (3) an offense which involves the same conduct as in the former prosecution. * * * "

We note, in passing on this phase of the case, that apparently no attempt was made by petitioner's counsel to seek from the United States Supreme Court a writ of certiorari to review the decision of the Illinois Supreme Court.

The present appeal is from the district court's order and judgment denying Burris' petition for a writ of habeas corpus and his motion to strike a motion to dismiss his petition, as well as for a continuation of petitioner's bail.[1]

Petitioner in this court is asserting a violation of his constitutional rights under the fifth and fourteenth amendments to the federal constitution.

---

1. Defendants Miller and Withers were not free on bail and are not involved in this appeal.

■ 1. His counsel contends that petitioner, being free on bail, thereby remained subject to prosecution and that he therefore is entitled to have his petition for habeas corpus considered in the same way as if he were held in the physical custody of the State of Illinois, the contention of defendant sheriff to the contrary notwithstanding. With petitioner's contention we agree.

In Mackenzie v. Barrett, 7 Cir., 141 F. 964, at 966 (1905), we said:

" * * * one under arrest, but at large on bail, is entitled to a writ the same as if the arrest was accompanied by actual imprisonment. The purpose of the writ of habeas corpus is to test the right of the court, or other body issuing the writ of arrest, to detain the person for any purpose; and the detention it seems, is sufficient, if it restrain the party of his right to go without question, or, as stated in the English case, cited in Taylor v. Taintor [16 Wall. 366, 21 L.Ed. 287], without a string upon his liberty. * * * "

In Jones v. Cunningham, 371 U.S. 236, at 238, 83 S.Ct. 373, at 375, 9 L.Ed.2d 285 (1963), the court said:

" * * * To determine whether habeas corpus could be used to test the legality of a given restraint on liberty, this Court has generally looked to common-law usages and the history of habeas corpus both in England and in this country.

"In England, as in the United States, the chief use of habeas corpus has been to seek the release of persons held in actual, physical custody in prison or jail. Yet English courts have long recognized the writ as a proper remedy even though the restraint is something less than close physical confinement. * * * "

At 239, 83 S.Ct. at 374, the court said:

" * * * These examples show clearly that English courts have not treated the Habeas Corpus Act of 1679, 31 Car. II, c. 2—the forerunner of all habeas corpus acts—as permitting relief only to those in jail or like physical confinement."

and at 240, 83 S.Ct. at 376, it added:

" * * * History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus."

■ 2. His counsel further contends that petitioner was freed from prosecution by the action of the prosecutor in dismissing the 1963 indictment, and then subjected to a new prosecution. He is referring to the fact that in the course of the trial of petitioner on the 1963 indictment, the evidence presented by the defendants tended to show that there was no forcible rape committed, but that the use of testimony given by defendants on the 1963 indictment showing the presence of consent on the part of the alleged victim, would thus incriminate Burris on the additional counts of the 1964 indictment charging indecent liberties and contributing to the sexual delinquency of a child. It is asserted that the result would be that the prosecution was "permitted to trap a defendant and his counsel by means of illegal tactics of this sort."[2] We cannot agree with counsel's characterization of these proceedings in the trial court as being the same as if a "confession were permitted to be beaten from him". In any event the argument was premature. It may be answered if and when petitioner is retried.

■ 3. The fact, that defendant's trial on the 1963 indictment ended without a verdict because the jury was unable

---

2. It was stipulated that the several offenses later charged in the 1964 indictment were known to the prosecuting authorities of Sangamon County, Illinois, at the time the 1963 indictment was procured and were within the jurisdiction of the Circuit Court which tried those charged under that indictment.

**556**

to agree, is relied upon by petitioner as establishing that when the trial on the 1964 indictment started, double jeopardy arose, in violation of the fifth amendment of the federal constitution.

In People v. Touhy, 361 Ill. 332, 197 N.E. 849 (1935), the claim was made by defense counsel that the discharge of the jury was not with the consent of defendants and that therefore they had been in jeopardy, which they sought to interpose as a defense. The court, at 344, 197 N.E. at 855, said:

> " * * * It is not claimed that the jury were recalled to the box without previously informing the court of the disagreement. A jury in a criminal case may be discharged without a verdict whenever in the court's opinion there is manifest necessity for the discharge or the ends of public justice require it. The exercise of that authority is within the sound discretion of the trial court and is not reviewable in the absence of abuse. Such abuse is not presumed by a court of review. (People v. Simos, 345 Ill. 226, 178 N.E. 188; Dreyer v. People, 188 Ill. 40, 58 N.E. 620, 59 N.E. 424, 58 L.R.A. 869.) * * * "

Obviously counsel for petitioner ignores the fact that the failure of the jury to agree upon a verdict on the 1963 indictment resulted in a mistrial and that that failure was the reason that jeopardy does not bar a trial on the 1964 indictment.

In view of the grounds upon which we dispose of this appeal, it is not necessary to consider the cases of Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937) and Cichos v. State of Indiana, 385 U.S. 76, 87 S.Ct. 271, 17 L.Ed.2d 175 (1966), cited by petitioner.

For the foregoing reasons the order and judgment from which this appeal was taken is affirmed.

Order and judgment affirmed.