NO. 4-05-0026     Filed 2/23/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| In re: OLIVIA C., a Minor, | ) | Appeal from |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Champaign County |
| v. | ) | No. 04JD98 |
| OLIVIA C., | ) | |
| Respondent-Appellant. | ) | Honorable |
| | ) | Harry E. Clem, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

In September 2004, respondent, Olivia C., born March 23, 1989, filed a motion to dismiss the State's petition for adjudication of wardship on double-jeopardy grounds. That same month, the trial court denied respondent's motion. Respondent appeals, arguing the court erred in denying her motion. We dismiss this appeal for lack of jurisdiction.

I. BACKGROUND

In May 2004, the City of Champaign (City) filed a complaint against respondent for consuming alcohol on April 15, 2004, at Central High School in Champaign when she was 15 years old in violation of section 5-65(a) of the Municipal Code of Champaign (Champaign Municipal Code §5-65(a) (amended July 16, 2002)), case No. 04-OV-430. That same month, respondent entered a guilty plea to the charge. The trial court deferred judgment and placed respondent under supervision until May 2005.

On July 27, 2004, the City filed a motion to dismiss _instanter_ its complaint against respondent for which she was under supervision (No. 04-OV-430).  According to the City's motion, respondent had failed to comply with the terms of the court's supervision order.  The City's motion stated the supreme court's decision in City of Urbana v. Andrew N.B., 211 Ill. 2d 456, 813 N.E.2d 132 (2004), directed the City to request the State to proceed under the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-1 through 7-1 (West 2002)) when confronted with a juvenile who violates the conditions of his or her court supervision.

On July 29, 2004, the State filed a petition for adjudication of wardship because of respondent's consumption of alcoholic liquor while she was a minor (235 ILCS 5/6-20 (West 2002)), docketed case No. 04-JD-98.  The State's charge was based on the same conduct as the City's prior complaint.

On August 6, 2004, the trial court dismissed the City's complaint in No. 04-OV-430 with prejudice.  On September 3, 2004, respondent filed a motion to dismiss the State's petition for adjudication of wardship in No. 04-JD-98 on double-jeopardy grounds.  Later that month, the trial court denied respondent's motion.  In October 2004, respondent filed a motion to reconsider her motion to dismiss.  The trial court also denied this motion. This appeal followed.

II. ANALYSIS

The State argues this court does not have jurisdiction to hear respondent's appeal at this time.  Our supreme court has ruled that the jurisdiction of this court is limited to appeals from final judgments, except in limited situations established by supreme court rule, statute, or the constitution.  People v. Miller, 35 Ill. 2d 62, 67, 219 N.E.2d 475, 478 (1966).  Supreme Court Rule 660 (134 Ill. 2d R. 660) deals with appeals in cases arising under the Juvenile Court Act.  According to Rule 660(a):

> **"Delinquent Minors**.  Appeals from _final
> judgments_ in delinquent minor proceedings,
> except as otherwise specifically provided,
> shall be governed by the rules applicable to
> criminal cases."  (Emphasis added.)  134 Ill.
> 2d R. 660(a).

This court has previously stated the Committee Comments to Rule 660, "taken with the provisions of the Rule providing for appeals from final orders, indicate an intention that there be no inter-locutory appeals in delinquency cases except when specific provision is made."  In re Hershberger, 132 Ill. App. 3d 332, 334, 477 N.E.2d 80, 82 (1985).  In Herschberger, we stated the only such specific provisions are found in Supreme Court Rule 662 (87 Ill. 2d R. 662).  Hershberger, 132 Ill. App. 3d at 334, 477 N.E.2d at 82.  None of the provisions found in Rule 662 apply to

the situation in the instant case.

However, respondent attempts to rely on Supreme Court Rule 604(f) (188 Ill. 2d R. 604(f)) in support of her argument she should be able to appeal the trial court's denial of her motion to dismiss for double jeopardy. Rule 604(f) states:

> **"Appeal by Defendant on Grounds of For-**
>
> **mer Jeopardy**. The defendant may appeal to
>
> the [a]ppellate [c]ourt the denial of a mo-
>
> tion to dismiss a criminal proceeding on
>
> grounds of former jeopardy." 188 Ill. 2d R.
>
> 604(f).

This provision does not apply to delinquency proceedings under the Juvenile Court Act as they are not in the nature of criminal proceedings. See People v. Taylor, 221 Ill. 2d 157, 166-67, 850 N.E.2d 134, 139 (2006).

Respondent next argues this court should apply the collateral-order doctrine pronounced by the United States Supreme Court in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949). According to the Court, the collateral-order doctrine was designed to address a small class of orders that do not dispose of all the issues in a case but "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require

- 4 -

that appellate consideration be deferred until the whole case is adjudicated." Cohen, 337 U.S. at 546, 93 L. Ed. at 1536, 69 S. Ct. at 1225-26.

Respondent interprets the Court's decision in Abney v. United States, 431 U.S. 651, 659, 52 L. Ed. 2d 651, 659-60, 97 S. Ct. 2034, 2040 (1977), to stand for the proposition an order denying a motion to dismiss a case on double-jeopardy grounds falls within the small class of orders that should be considered under the collateral-order rule. However, our state supreme court in interpreting Abney has held it is constitutionally permissible to disallow interlocutory appeals of court orders denying a defendant's motion to dismiss on double-jeopardy grounds. People ex rel. Mosley v. Carey, 74 Ill. 2d 527, 538, 387 N.E.2d 325, 330 (1979). According to our supreme court:

"We do not interpret Abney as holding
its result to be constitutionally required by
either the [f]ederal double[-]jeopardy provi-
sions or due[-]process principles. As the
[C]ourt in Abney explicitly recognized, 'it
is well settled that there is no constitu-
tional right to an appeal' [citation], and
'[t]he right of appeal, as we presently know
it in criminal cases, is purely a creature of
statute; in order to exercise that statutory

right of appeal one must come within the terms of the applicable statute ***' [citation]. <u>Abney</u> and the other United States Supreme Court cases relied on by defendant, including the post-<u>Abney</u> case of <u>United States v. MacDonald</u> (1978), 435 U.S. 850, 56 L. Ed. 2d 18, 98 S. Ct. 1547, interpreted a [f]ederal statute which has no direct parallel in Illinois." <u>Carey</u>, 74 Ill. 2d at 538-39, 387 N.E.2d at 330.

As a result, the Court's decision in <u>Abney</u> offers little support for respondent's position.

After our supreme court's ruling in <u>Carey</u>, the court adopted Supreme Court Rule 604(f) (188 Ill. 2d R. 604(f)), which, as stated earlier, allows a defendant to appeal to the "[a]ppellate [c]ourt the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy." However, as recently as 2006, our supreme court in <u>Taylor</u> stated a delinquency proceeding under the Juvenile Court Act is not "criminal in nature." <u>Taylor</u>, 221 Ill. 2d at 166-67, 850 N.E.2d at 139. The court has not adopted a rule similar to Rule 604(f) to apply to proceedings that are not "criminal in nature." Further, in the 50-plus years since the United States Supreme Court set forth the collateral-order doctrine, the Supreme Court of Illinois has yet to adopt

- 6 -

it.  Respondent asks this court to do so.  We decline this request as it is beyond this court's authority to do so, i.e., to expand its jurisdiction.  As we stated earlier, our supreme court has stated our jurisdiction is limited to appeals from final judgments except in limited situations created by a supreme court rule, statute, or constitution.  Miller, 35 Ill. 2d at 67, 219 N.E.2d at 478.

Defendant also argues "the fact that a similarly situated adult could file an interlocutory appeal, yet a juvenile is essentially barred from doing so violates equal protection."  We disagree.  Both the Illinois and United States Constitutions require the government to "treat similarly situated individuals in a similar manner" (People v. R.L., 158 Ill. 2d 432, 437, 634 N.E.2d 733, 736 (1994)); however, juveniles subject to a petition for adjudication of wardship--a proceeding not "criminal in nature"--are not similarly situated to a defendant in a criminal proceeding.  As a result, the State does not violate respondent's equal-protection rights by allowing a criminal defendant an interlocutory appeal of the denial of a motion to dismiss on double-jeopardy grounds and denying respondent the same in a noncriminal matter.

### III. CONCLUSION

For the reasons stated, we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

COOK and TURNER, JJ., concur.