No. 3--08--1025

Filed February 10, 2010

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 08–CF–1169 |
| DREW PETERSON, | ) ) | Honorable Richard C. Schoenstedt, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the opinion of the court:

On May 22, 2008, the State filed a complaint against defendant Drew Peterson for unlawful use of a weapon (UUW) (720 ILCS 5/24-1(a)(7)(ii) (West 2006)), followed by a subsequent two-count indictment, filed on July 11, 2008, charging defendant with two alternate counts of the same weapons charge. Claiming vindictive and selective prosecution to be an affirmative defense, defendant filed a motion to compel discovery requesting all documentation reviewed by the State when deciding to file the UUW charge.

The circuit court granted defendant's motion for additional discovery over the State's objection. The State refused to comply with the court's order regarding discovery on the grounds that defendant's motion did not sufficiently raise a claim of vindictive or selective prosecution warranting further discovery. As a sanction for the State's refusal to follow the court's order,

the court dismissed the UUW charges with prejudice.

The State filed this interlocutory appeal pursuant to Rules 604(a)(1) and 415(g). 210 Ill. 2d R. 604(a), 134 Ill. 2d R. 415(g). We reverse.

BACKGROUND

On May 22, 2008, the State filed a Class 3 felony count of unlawful use of a weapon (720 ILCS 5/24-1(a)(7)(ii) (West 2006)) against defendant Drew Peterson. Subsequently, the grand jury issued a two-count indictment, filed on July 11, 2008, charging defendant with two alternate counts of the same weapons charge. Count I alleged that, on or between October 28, 2007, and November 1, 2007, defendant committed the offense of unlawful use of a weapon, a Class 3 felony, in that he "knowingly possessed a rifle, namely a modified Colt, model Sporter Lightweight, 223 Remington rifle, serial number SL025365, with attached EOTech electronic sight, with a barrel less than 16 inches in length." See 720 ILCS 5/24-1(a)(7)(ii) (West 2006). Count II alleged that, on or between October 28, 2007, and November 1, 2007, defendant committed the offense of unlawful use of a weapon, a Class 3 felony, in that he "knowingly agreed with Stephen Peterson to commit the offense of Unlawful Use of Weapon by transferring possession of a rifle to Stephen Peterson, namely a Colt, model Sporter Lightweight, 223 Remington rifle, serial number SL025365, with attached EOTech electronic sight, with a barrel less than 16 inches in length." 720 ILCS 5/24-1(a)(7)(ii) (West 2006).

On September 18, 2008, defendant filed "Defendant's Second Supplemental Answer to Discovery" identifying selective prosecution and vindictive prosecution by the State's Attorney's office as defendant's intended affirmative defenses. Defendant filed a "Motion to Compel Discovery on Issues of Vindictive and Selective Prosecution" (motion to compel) on October 23, 2008. The motion requested the State to produce:

"[A]ny and all documents, correspondence, memorandum, records, e-mails, memoranda, summaries or record of oral conversations, original or preliminary notes, minutes of records of meetings[;] minutes of records of conferences, expressions or statements of policy, reports and/or summaries of investigations, press releases, invoices and receipts, (including preliminary drafts or revisions or copies of the foregoing), *relating in any way to the decision to bring the pending charges against the Defendant* are relevant to the affirmative defenses of Vindictive Prosecution and Selective Prosecution asserted in this case, and must be produced for the Defendant immediately, so that he can be prepared for trial on December 8, 2008." (Emphasis in original.)

According to the motion to compel, the prosecutor decided to file the UUW charges in this case based on vindictive or selective reasons. The motion to compel described the following sequence of events. First, the police executed a search warrant at defendant's residence on November 1, 2007, and recovered several firearms. After this seizure, defendant filed two motions in circuit court requesting the return of the firearms and other property. On February 27, 2008, the circuit court ruled that "the Defendant had a right to the return of his property from the Illinois State Police, including the firearms." Then, the Illinois State Police revoked defendant's firearms owners identification (FOID) card on February 27, 2008, which prevented defendant from lawfully taking possession of his firearms. Consequently, on May 13, 2008, defendant filed another motion requesting the circuit court to modify the order issued on February 27, 2008, and allow the firearms to be returned to defendant's son, Stephen Peterson, who had a valid FOID card. The court indicated it would announce a ruling regarding the firearms on May 22, 2008. On May 21, 2008, the police arrested defendant on the UUW charges at issue. On the same day,

3

a spokesperson for the Will County State's Attorney's office stated to the press:

> "We've known it was an illegal weapon shortly after the gun was taken into possession by the Illinois State Police. Initially, the determination was made not to file a charge in that case... but now were [*sic*] faced with the potential that an illegal weapon may be put back onto the streets and we can't allow that to happen."

Based on the allegations set out in the motion to compel, defendant argued that, "given the timing of the foregoing in this case, there is more than a prima facie case that the Defendant is the victim of Vindictive and Selective prosecution in regard to the pending charges."

After hearing arguments on the motion to compel, but without conducting an evidentiary hearing, the court found that the motion did not raise sufficient facts to support a theory of selective prosecution and denied discovery on that issue. Next, the court considered the claims regarding vindictive prosecution contained in the motion to compel and stated:

> "As it relates to the issue of vindictive prosecution, this Court has reviewed the information also on this request. This Court has reviewed time lines, has reviewed the information that's been provided by the parties. Again, this Court is not making a ruling that they can use [it] as a defense, this Court is not making any ruling as of today that the State is pursuing this prosecution in retaliation for the exercise of a protected right, or that there is any animus by the Prosecutors or by agencies of the prosecution that -- that has been established. But given what I know at this point, I am going to allow discovery on that particular issue."

The State requested the court to reconsider this decision. In response, the court stated:

> "Show that the motion to reconsider has concluded. I will repeat what I said earlier this afternoon. I did not make a finding, I am not making a finding that

4

there has been any animus on the part of the State. The issue is whether or not the Defense has given me enough information where it is a possibility that they could meet the elements required for vindictive prosecution.

There is a level -- a level of information that this Court requires to be able to make that finding, but it would be virtually impossible for any defendant or defense team to show that unless they had some information. And I am going to give them the opportunity to have some information. What I ruled earlier was that the Defense was allowed some limited and narrow discovery. I know that we took a break. The parties were not able to resolve that issue. I am going to resolve it right now.

The information that the State is required to give the Defense is any and all documents or reports that were used or relied upon by the State in determining that this charge would be brought against this defendant. That is the narrow scope of the discovery. After that discovery is tendered, then we will have a hearing to determine whether or not, with that information, along with the arguments and representations that the Defense has already made, whether then it gives rise to the threshold where I should conduct a hearing to determine whether there was animus, and whether the other factors for vindictive prosecution have been met. The State's motion to reconsider is denied."

After the court's ruling, the State argued that there were many privileged and confidential documents in the State's possession that were unrelated to the pending charges but involved other serious criminal offenses under investigation. Therefore, the prosecutor informed the court that the State would not comply with the court's order for discovery and intended to appeal the

court's ruling compelling additional discovery.

The court discussed, with the State and defense counsel, the range of possible sanctions for the State's refusal to comply with the discovery order. This discussion included the possibility of a finding of direct criminal contempt against the prosecutor accompanied with a fine or jail sentence or the possibility of a dismissal of the criminal charges as a discovery sanction under Rule 415. In arguing against a contempt sanction rather than dismissal, the defense stated:

> "We think it would be unfair to the defendant, violative of his rights to a speedy trial for the State to simply try to get your Honor to enter an order of contempt and deprive the defendant of a possible defense."

In the State's argument regarding possible sanctions for the State's refusal to comply with the prosecutorial vindictiveness discovery order, the prosecutor stated:

> "What we are raising is an issue of first impression. This issue has not been heard in the state, and as I have clearly indicated, we do not want to be the first State's Attorney's Office to turn over these documents resulting in a floodgate of motions on the part of every defendant.
>
> Any prosecution, by its very nature, is punitive. The whole process that we are involved in the criminal courts is punitive and arguably vindictive by its very nature. So what would separate this case from any other case involving the return of property or when the charges were filed? This has nothing to do with an attack on the integrity of the court system. The State is simply, under these circumstances, disagreeing that the threshold [for vindictive prosecution] has been met, and we would like to give the Appellate Court the opportunity to make a ruling on whether

6

or not the Defense has, in fact, laid down the necessary requirements, which apparently have never, at least in my research, have never been met in the State of Illinois or even in the Federal Court of Appeals before by a prior defendant."

The judge reiterated that he ordered the State to disclose "[a]ny and all documents or reports used or relied upon by the State in determining that this charge will be brought against this defendant." The court then stated, "The State must understand the risk that if I do what you are asking and dismiss these charges, that if the *** Appellate Court agrees with me, these charges are dismissed," and the prosecutor responded affirmatively. The court declined to hold the prosecutor in contempt based upon his express reasons for failing to comply with the disclosure order. Consequently, the court dismissed the charges against defendant.

The State filed a notice of appeal on December 12, 2008, challenging "[a]n order dismissing the case." Defendant then filed a notice of cross-appeal challenging other pretrial rulings by the court.

ANALYSIS

The State filed its notice of appeal from the court order dismissing the case entered on November 20, 2008, pursuant to Supreme Court Rule 604(a)(1). 210 Ill. 2d R. 604(a)(1). Subsequently, the defense filed a cross-appeal contesting the court's ruling on discovery and other interim pretrial orders entered by the court.

Generally speaking, appellate courts do not have jurisdiction to review judgments, orders, or decrees that are not final. *People v. Baptist*, 284 Ill. App. 3d 382, 388 (1996); *People v. Farmer*, 165 Ill. 2d 194, 199 (1995). Supreme Court Rule 604(a) authorizes the State to appeal from an order or judgment that has the substantive effect of dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963 (Code) (725

7

ILCS 5/114-1 (West 2006)). 134 Ill. 2d R. 604(a)(1).

Our supreme court has held that the State also has the right to appeal orders that effectively result in the dismissal of its case on any grounds, even those not enumerated in section 114-1. *People v. Love*, 39 Ill. 2d 436, 439 (1968); *People v. Lawson*, 67 Ill. 2d 449, 455-56 (1977). Other courts have determined that the State also has the right to appeal a dismissal based upon a discovery violation. *People v. Heinzmann*, 232 Ill. App. 3d 557, 560 (1992).

The applicable standard of review of a discovery order depends on the nature of the issue before the reviewing court. *People v. Campobello*, 348 Ill. App. 3d 619, 626 (2004). We review the trial court's legal conclusions *de novo,* but we will not upset the trial court's findings of fact unless they are clearly erroneous. *People v. Hall,* 311 Ill. App. 3d 905, 910 (2000); *United States v. Spears,* 159 F.3d 1081, 1086 (7th Cir. 1998).

Supreme Court Rule 412 controls the scope of discovery the State must produce following a motion for discovery from the defense. 188 Ill. 2d R. 412. This rule provides an ongoing obligation for the State to produce any information that may negate defendant's guilt or reduce the punishment for the offense. 188 Ill. 2d R. 412(c). Additionally, the rule allows a court to order additional or discretionary discovery under certain circumstances. See 188 Ill. 2d R. 412(h).

Vindictive Prosecution Claim

The defense labeled the theory of selective and vindictive prosecution as an affirmative defense in a discovery response. Both before the trial court and now in this appeal, the State has consistently maintained that selective or vindictive prosecution claims do not qualify as affirmative defenses under Illinois law.

There is no Illinois case law involving the issue of whether selective or vindictive

8

prosecution claims can be considered to be affirmative defenses for purposes of pretrial discovery. In fact, only one cited appellate case considers vindictive prosecution pursuant to a defendant's discovery motion. See *People v. Fields*, 322 Ill. App. 3d 1029 (2001). Significantly, in *Fields* the lower court denied defendant's request for discovery on the issue of vindictive prosecution, and the appellate court upheld that decision.

In *United States v. Armstrong*, 517 U.S. 456, 134 L. Ed. 2d 687, 116 S. Ct. 1480 (1996), the United States Supreme Court rejected the notion that selective prosecution qualifies as an affirmative defense. The *Armstrong* Court stated:

> "A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution. *Armstrong*, 517 U.S. at 463, 134 L. Ed. 2d at 698, 116 S. Ct. at 1486.

In *Armstrong*, the court determined that a defendant must satisfy demanding standards before discovery on the issue of selective prosecution is proper by stating:

> " Our cases delineating the necessary elements to prove a claim of selective prosecution have taken great pains to explain that the standard is a demanding one. These cases afford a 'background presumption' [citation] that the showing necessary to obtain discovery should itself be a significant barrier to the litigation of insubstantial claims. *Armstrong*, 517 U.S. at 463-64, 134 L. Ed. 2d at 698, 116 S. Ct. at 1486.

The "background presumption" noted by the Court in *Armstrong* refers to the principle that most prosecutors act properly when carrying out their duties as an officer of the court. *Armstrong*, 517 U.S. at 464, 134 L. Ed. 2d at 698, 116 S. Ct. at 1486. This background presumption is very

9

consistent with Illinois case law.

In Illinois, the prosecutor's charging decision is presumed to be lawful, and not vindictively motivated. *Hall,* 311 Ill. App. 3d at 913; *United States v. Goodwin*, 457 U.S. 368, 384, 73 L. Ed. 2d 74, 87, 102 S. Ct. 2485, 2494 (1982). A prosecutor has broad discretion in deciding whether to file charges and which charges to file. *Hall,* 311 Ill. App. 3d at 911. The charges at issue in this case are the original criminal charges.

Prosecutorial vindictiveness is remedied by Illinois courts with the court's pretrial dismissal of the State's case-in-chief. *Fields*, 322 Ill. App. 3d at 1032-33; *People v. Flanagan*, 201 Ill. App. 3d 1071, 1078 (1990). Unlike an acquittal, pretrial dismissal is a procedural remedy for selective or vindictive prosecution terminating the criminal proceeding *prior* to any consideration of innocence or guilt. Consequently, we conclude that defendant's claim of vindictive prosecution does not qualify as an affirmative defense subject to mandatory pretrial discovery pursuant to Supreme Court Rule 412. 188 Ill. 2d R. 412. See also *Armstrong*, 517 U.S. at 463,134 L. Ed. 2d at 697-98, 116 S. Ct. at 1485.

However, even if the claim of vindictive prosecution does not qualify as an affirmative defense, nonetheless, the trial court could have compelled additional discovery in the exercise of its judicial discretion. Supreme Court Rule 412(h) provides:

> "(h) Discretionary Disclosures. Upon a showing of materiality to the preparation of the defense, and if the request is reasonable, the court, in its discretion, may require disclosure to defense counsel of relevant material and information not covered by this rule." 188 Ill. 2d R. 412(h).

Next, we consider whether defendant made a proper showing of materiality and reasonableness to justify the additional discovery allowed by Rule 412(h) and ordered by the court in this case.

10

Prosecutorial vindictiveness results when the prosecutor acts out of animus or a retaliatory motive and the prosecution would not have been filed absent that motive. *Hall*, 311 Ill. App. 3d at 911; *Fields*, 322 Ill. App. 3d at 1032; *United States v. Benson*, 941 F.2d 598, 611 (7th Cir. 1991). Since one purpose of instituting criminal proceedings against an individual is to punish, the presence of a punitive motivation behind prosecutorial action does not automatically render such action vindictive. *Hall,* 311 Ill. App. 3d at 911.

The *Fields* court reiterated that a defendant was only entitled to a hearing on a selective or vindictive prosecution claim if he offers "'sufficient evidence to raise a reasonable doubt that the government acted properly in seeking [to prosecute].'" *Fields*, 322 Ill. App. 3d at 1032, citing *United States v. Monsoor,* 77 F.3d 1031, 1034 (7th Cir. 1996), quoting *Benson*, 941 F.2d at 611. When affirming the ruling denying discovery for vindictive prosecution in *Fields*, the court held:

> "Since Fields' motion failed to set forth a colorable basis for concluding that his prosecution was selective or vindictive, we conclude that no further discovery is required, and we affirm the decision of the trial court." *Fields*, 322 Ill. App. 3d at 1033.

Other courts have defined a colorable claim as follows:

> "To compel discovery on a vindictive prosecution claim, a defendant 'must show a colorable basis for the claim. A colorable basis is some evidence tending to show the essential elements of the claim.'" *Benson*, 941 F.2d at 611, quoting *United States v. Heidecke,* 900 F.2d 1155, 1159 (7th Cir. 1990).

Here, the judge clearly indicated, at the time of his ruling, he could not find the State acted with animus or in retaliation for defendant's act of exercising his constitutional rights. The trial judge stated:

11

"As it relates to the issue of vindictive prosecution, this Court has reviewed the information also on this request. This Court has reviewed time lines, has reviewed the information that's been provided by the parties. Again, this Court is not making a ruling that they can use [it] as a defense, this Court is not making any ruling as of today that the State is pursuing this prosecution in retaliation for the exercise of a protected right, or that there is any animus by the Prosecutors or by agencies of the prosecution that -- that has been established. But given what I know at this point, I am going to allow discovery on that particular issue."

Based on the court's own findings, we cannot conclude that defendant raised a colorable basis for a vindictive prosecution claim.

In the absence of a colorable claim, the motion to compel did not request information material to a viable defense or pretrial dismissal of the pending charges. Rather, the request to compel constituted an endeavor to gain access to the State's work product. Work product is not subject to disclosure under Supreme Court Rule 412(j)(i) (188 Ill. 2d R. 412(j)(i)), making the request itself unreasonable.

Based on these considerations, we conclude the discovery order and corresponding sanction imposed by the court must be reversed. The order of dismissal must be vacated, and the charges should be reinstated upon remand to the trial court. Consequently, we do not reach the issue of whether the nature of the sanction imposed by the court constituted an abuse of discretion.

### Defendant's Cross-Appeal

Cognizant of the State's limited right to appeal, both counsel for the State and defendant agreed that a sanction of dismissal would convert the underlying interlocutory discovery ruling

12

into a final appealable order. Now, since the case is on appeal, defendant contends that he also has the right to challenge other aspects of the court's discovery rulings at this time. Defendant's cross-appeal challenges the court's pretrial rulings regarding discovery related to selective prosecution, defendant's motion to dismiss the criminal charges based on federal preemption and immunity under the Law Enforcement Officer's Safety Act, (18 U.S.C. § 921 *et seq.* (West 2008)), and the denial of defendant's motion for change of venue.

Supreme Court Rule 604 details the limited circumstances under which a defendant can appeal a trial court's interlocutory rulings, thereby giving the reviewing court jurisdiction to consider those issues on appeal. 134 Ill. 2d R. 604. All of the issues raised in defendant's cross-appeal are interlocutory in nature and are not final orders of the trial court and do not fall under Rule 604. See *People v. Farmer*, 165 Ill. 2d 194, 199 (1995); *People ex. rel. Scott v. Silverstein*, 87 Ill. 2d 167, 171 (1981). It is of no consequence that a defendant seeks review of an interlocutory order by cross-appeal, since this court acquires no greater jurisdiction on cross-appeal than it could on appeal. *Farmer*, 165 Ill. 2d at 199-200; *People v. Miller*, 35 Ill. 2d 62, 68 (1966). Consequently, we dismiss defendant's cross-appeal based upon lack of jurisdiction.

CONCLUSION

We reverse the judgment of the Will County circuit court granting defendant's motion to compel discovery on the vindictive prosecution claim and dismissing the criminal charges. The matter is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

O'BRIEN and SCHMIDT, JJ., concur.